30465. JAMES *v.* EMMCO INSURANCE COMPANY INC.

DECIDED MAY 12, 1944. REHEARING DENIED MAY 27, 1944.

*W. S. Northcutt,* for plaintiff. *Kobak & Levy,* for defendant.

SUTTON, P. J. The petition of Emmco Insurance Company Inc. against C. C. James alleged in substance, that the plaintiff insured the defendant's automobile against damage by collision; that on November 1, 1941, the automobile was damaged in a collision with a truck owned by Cobb County; that the plaintiff had the automobile repaired at a cost to it of $156, and paid the defendant $8, all in full settlement of his said damages; that in consideration of said payments, the defendant, on November 6, transferred and assigned his said claim against Cobb County to the plaintiff; that in accordance with the provisions of the assignment, the defendant warranted that he had made no settlement with nor executed any releases to Cobb County, and agreed that if he had committed any act which would prevent the plaintiff from collecting said claim from Cobb County, he would, on demand, repay the plaintiff all sums it had paid on account of said loss, and that in case suit was necessary to collect such reimbursement, he would pay a reasonable attorney's fee; that two days prior to the assignment of the claim to the plaintiff, the defendant had settled his claim with Cobb County and received $175 from the county; that by reason of said act, the plaintiff had been prevented from collecting said claim from Cobb

County; that the plaintiff had demanded the sum of $164 from the defendant, and payment had been refused; that the defendant knowingly acted in bad faith in executing the assignment, and the sum of $25 would be a reasonable attorney's fee in said action. Judgment was sought against the defendant in the sum of $189.

The defendant filed a plea of non est factum, denying the execution of the instrument sued on, and denying that the instrument contained the words "Cobb County," or made any reference to Cobb County at the time he signed it. Subject to the plea of non est factum, he filed an answer wherein he admitted that his automobile was insured by the plaintiff against damage by collision, and that the automobile had been damaged in a collision with a truck owned by Cobb County; he denied that his damage was limited to $164, and alleged that this sum represented the repair bill of $156 and an $8 item for towing in the automobile after it had been wrecked; he denied that these sums were paid in settlement of his damages, and alleged that they were paid as the repair bill and towing charge on the automobile; he denied that he had ever attempted to assign to the plaintiff any claim he had for other loss or damage; and denied that he was indebted to the plaintiff in any sum.

On the trial it appeared that the plaintiff insured the defendant's automobile against damage by collision, and that on November 1, the automobile was damaged in a collision with a truck owned by Cobb County. The repair bill was $216, which amount, less the $50 deductible under the terms of the policy, made the plaintiff liable for $156. The plaintiff paid this $156 on the repair bill to the motor company, and paid the sum of $8 to the defendant to reimburse him for the towing charge. On November 1, the defendant notified the plaintiff of the collision and damage to his automobile. On November 4, the defendant filed a claim against Cobb County for personal injuries to himself and to an employee, and executed the following release: "Received of G. H. McMillan, Commissioner of Roads and Revenues of Cobb County, the sum of $175, covering both personal and realty damage growing out of an automobile wreck on November 1, 1941. Said amount to be in full and complete settlement;" and at the same time executed a receipt in the identical language of the release above quoted. On November 6, the defendant executed a written instrument in favor of the plaintiff, headed "Release and Subrogation Agreement," which re-

cited a consideration of the promise of the plaintiff to pay "C. C. James $8 and to the Pittman Motor Company, $156, total $164.00," and provided in part, "It is further understood and agreed that by reason of the above payment or payments and other valuable considerations, I transfer, assign, and set over absolutely to Emmco Insurance Company, its successors and assigns, all my claims, demands, rights and interest, right of action and actions against the said Cobb County, and all other persons, firms, corporations, and claimants vested in or accruing to me now or hereafter under the law as a result of said accident or in anywise incident thereto, hereby assigning and subrogating to and substituting said Emmco Insurance Co. Inc. in my place and stead fully and completely in every respect thereunto pertaining. . . I expressly warrant that I have made no settlement with or executed any release to any person or persons who may be liable for the claimed loss or damage. I expressly agree that if I have committed any act or hereafter commit any act which will prevent the Emmco Insurance Co. Inc. from collection from such person or persons, that I will repay to Emmco Insurance Co. Inc. on demand all sums paid on this loss, and in case suit is necessary to collect such reimbursement, I will pay such attorney's fees as the court may adjudge reasonable." Two checks were issued by the plaintiff, one for $156, dated November 5, payable to Pittman Motor Company, and one for $8, dated November 5, payable to the defendant, and these checks were placed in evidence, each being properly endorsed.

The defendant testified that he and an employee received personal injuries in the collision, which were not covered by the policy issued by the plaintiff. That he did not submit any claim to the plaintiff for personal injuries; but only submitted a claim for damage to his automobile and the towing charge which were covered by the policy. That he did not submit any claim against Cobb County for damages to his automobile, but only submitted a claim for the personal injuries received by him and his employee. That this claim was paid by the county on November 7. G. H. McMillan testified that he was county commissioner of Cobb County at the time the disbursements were made by the county. That the defendant approached him on November 4 about payment for his personal injuries; and that he authorized the settlement. He was not present when the money was paid to the defendant on November 7. That

when he settled with the defendant, it "was in full settlement of all of his damages as far as Cobb County was concerned." The county was not requested to pay any claim for property damage, and no claim for property damage was submitted. The county did not pay any claim for property damage. There was other evidence which is not material to the issues here involved.

The judge of the civil court of Fulton county, trying the case without the intervention of a jury, rendered judgment in favor of the plaintiff against the defendant for $164, and costs. The defendant moved for a new trial, which was overruled, and on appeal to the appellate division of said court, the judgment was affirmed, and the exception here is to that judgment.

■ ▪ The evidence on the trial with respect to the defendant's plea of non est factum was materially conflicting. While the defendant and the witness to the instrument each testified that the words "Cobb County" did not appear in the instrument at the time it was signed by the defendant, the State agent of the plaintiff and the scrivener who prepared the instrument each testified that these words were inserted in the instrument before it was signed by the defendant. The finding of the trial judge, trying the case without the intervention of a jury, that the defendant executed the instrument sued on, is supported by evidence, and is, therefore, controlling on this court.

■ The subrogation and assignment executed by the defendant to the plaintiff in consideration of the payments by the plaintiff of $156 on the repair bill and $8 to the defendant for the towing charges, provided in part: "I expressly warrant that I have made no settlement with or executed any release to any person who may be liable for the claimed loss or damage. I expressly agree that if I have committed any act or hereafter commit any act which will prevent the Emmco Insurance Co. Inc. from collection from such person or persons then I will repay to Emmco Insurance Co. Inc. on demand all sums paid on this loss." The plaintiff contended that there had been a breach of this warranty and that by reason of such breach, it was entitled to recover of the defendant the amount paid as consideration for the instrument, and attorney's fees for bringing the action. "In a suit for damages for the breach of a contract the burden is upon the plaintiff to allege and prove both the breach and the damage." *Surles* v. *Cedartown, 42 Ga.*

200

*App.* 480 (156 S. E. 632), and cit. In the present case, to show a breach of the contract by the defendant, the plaintiff alleged "that two days prior to the defendant having assigned his claim to it, the defendant had settled his claim with Cobb County and received the sum of $175. That by reason of said act, your petitioner has been prevented from collecting said claim from Cobb County." There was no evidence to support the allegation that the "petitioner had been prevented from collecting said claim from Cobb County;" for the plaintiff did not show that any such claim had ever been filed against the county, or that the county had refused to pay its claim for the property damage to the defendant's automobile. The defendant suffered two distinct injuries by reason of said collision with the truck owned by Cobb County. He suffered property damage to his automobile, and this claim was assigned to the plaintiff. He also suffered personal injuries, and this claim he could not legally assign to anyone. "A right of action is assignable if it involves, directly or indirectly, a right of property; but a right of action for personal torts or for injuries arising from fraud to the assignor may not be assigned." Code, § 85-1805. While the assignment and subrogation executed by the defendant purported to assign the entire claim of the defendant against Cobb County to the plaintiff, under the plain provisions of the statute, it was invalid in so far as it purported or attempted to assign the defendant's claim for personal injuries arising out of the tort by the county in the operation of one of its trucks. *Fouché* v. *Morris,* 112 *Ga.* 143 (37 S. E. 182). It is true that under the ruling in *Georgia Railway & Power Co.* v. *Endsley,* 167 *Ga.* 439 (145 S. E. 851, 62 A. L. R. 256), the defendant could not maintain separate actions against the county for damages to his person and damages to his automobile, unless the county, either expressly or by implication, consented to the splitting of his cause of action into separate suits. This consent could be express, or it could be implied by a failure to interpose a timely objection to separate suits. But the restriction against bringing separate actions for different elements of damage does not apply to a settlement between the parties as to those portions of the damage to which there is no controversy. While the law requires, with certain exceptions, that a plaintiff bring his action for his full claim against a defendant, this requirement is primarily for the benefit of the defendant, and being for

his benefit may be waived. *Georgia Ry. & Power Co.* v. *Endsley,* supra. But there is no requirement of law that compels the parties to make a full settlement and prevents them from making a partial settlement if they can not agree upon a full one. The rule which requires a plaintiff to bring his action for the entire claim does not apply to a settlement. 1 Am. Jur. 485, § 102; Erie Railroad Co. *v.* Callahan Co., 204 Ind. 580 (184 N. E. 264, 87 A. L. R. 778), and cases cited in 87 A. L. R. 781 et seq. It is to the benefit of both parties to a settlement to agree and settle those items as to which there is no controversy, and leave only those items in controversy to be adjusted by legal proceedings. It was stated in *Georgia Railway & Power Co.* v. *Endsley,* supra, "What we emphasize is that the rule against splitting is not without ameliorating exceptions, and will not be given effect if, as in the case at bar, there are valid equitable reasons for not enforcing it." In the present case, both the defendant and the county commissioner of roads and revenues, who represented the county in making the settlement, testified that no claim was made by the defendant against the county for property damage, and that the only claim made by the defendant against the county was for personal injuries to him and his employee, and that the county had not paid any amount to the defendant for damage to his automobile. While the plaintiff alleged that the act of the defendant in making the settlement with the county had prevented it from collecting its claim [for the property damage] against the county, there was no evidence that the plaintiff had ever presented its claim to the county for payment, or that the county had refused payment, or that the plaintiff had made any effort to collect said claim from the county. In the instrument sued on the defendant agreed that if he had committed any act, or committed any act which would prevent the plaintiff from collecting its claim, he would repay all money paid on the loss by the plaintiff, and the allegation in the plaintiff's petition that the defendant's acts had prevented it from collecting its claim against Cobb County, was a material allegation, and one necessary to be proved before the plaintiff would be entitled to recover of the defendant. There being no evidence to support this allegation, which was material to the plaintiff's cause of action, the trial judge erred in entering judgment in favor of the plaintiff, and in overruling the defendant's motion for a new trial. It follows, there-

202

fore, that the appellate division erred in affirming the judgment overruling the defendant's motion for a new trial.

*Judgment reversed. Felton and Parker, JJ., concur.*