37461. NIKAS *v.* HINDLEY.
37462. BEVERAGE DISTRIBUTORS, INC. *v.* HINDLEY.

Decided February 4, 1959—Rehearing denied March 2, 1959.

*W. Douglas Kerr, C. Baxter Jones, Jr.,* for plaintiffs in error. *Mary R. Brady, John L. Westmoreland, John L. Westmoreland, Jr.,* contra.

Carlisle, Judge. The contract sued on in this case recites that it was entered into by and between Beverage Distributors, Inc., a corporation, and Angelo G. Nikas, as president of the said corporation, and by Nikas, individually, who are referred to in the contract as parties of the first part, and William F. Hindley (the plaintiff here) who is referred to in the contract as the party of the second part. Insofar as is material to a consideration of the questions presented by the record, the contract provided that the parties of the first part, being engaged in the wholesale liquor business, desired and did thereby acquire the services of the party of the second part for the promotion, sales, good will and future business of the parties of the first part, the party of the second part being experienced in promoting sales and obtaining sales and business of alcoholic beverages; that the parties

of the first part jointly and individually thereby employed the party of the second part as of September 1, 1956, as executive vice-president and general manager of all personnel in the offices and warehouse and in charge of all salesmen of the corporation with the authority to hire and fire, fix salaries and commissions and for the management and control of the corporate business; and, that the parties of the first part jointly and individually agree and guarantee to pay the party of the second part a salary of $1,000 per month, beginning on September 1, plus an incentive plan of bonus thereafter specifically provided and contracted for as a part of the contract of employment, and fixing a schedule of bonus payments based on the net profits of the corporation which it is unnecessary for the purposes of this opinion to set forth in detail. The plaintiff further agreed in the contract to disassociate himself from all other interests in conflict with his performance under the contract and to devote his full time and energies to the business of the parties of the first part. There were other provisions in the contract relating to certain stock options to be exercised by the plaintiff which are not material to the issues in this case. Finally, the contract provided that, "The parties of the first part and the party of the second part agree and mutually contract that this their contract shall remain in full force and effect for a period of five years from the date of execution thereof with automatic renewals thereof at the end of the first five-year period for an additional five-year period, and continuing on in renewals on basis of five years for each renewal until and unless the party of the second part should fail or refuse to comply with his part of the aforesaid agreement in the paragraphs hereinabove, by failing or refusing to devote all of his business time to the promotion, best interest, successes and income of the parties of the first part in the aforesaid corporation, or should not faithfully, adequately and completely perform his duties as executive vice-president and general manager as aforesaid in the promotion and production of said business, then and in that event the parties of the first part shall have the right, privilege and election of declaring this contract null and void upon due showing that the aforesaid party of the second part has been negligent in the exercise of his duties as aforesaid, and

when it can be shown that the aforesaid corporation is losing or about to lose business, prospects, contacts, contracts, income due to the negligence or failures of the aforesaid party of the second part." The contract was signed, "Beverage Distributors, Inc., by Angelo G. Nikas (Seal), Angelo G. Nikas, President, Angelo G. Nikas (Seal), Angelo G. Nikas, individually, party of the first part", with the corporate seal affixed opposite those signatures, and by "William F. Hindley (Seal), William F. Hindley, party of the second part."

The petition alleged that by the terms of the contract the plaintiff was employed as executive vice-president and general manager of the defendant corporation; that the contract was executed by "the defendant Beverage Distributors, Inc., by and through its authorized agent, Angelo G. Nikas, the president of defendant Beverage Distributors, Inc., and the defendant Angelo G. Nikas, jointly and severally"; and that, in accordance with the contract, the plaintiff on the 14th day of September, 1956, assumed his full duties under the contract and faithfully and adequately and completely performed all of his duties thereunder until on or about the 15th day of September, 1957, when his employment was terminated wrongfully and unlawfully, arbitrarily and without cause, by the defendants. He alleged a continuing tender of his services and that he was at the time of the filing of the petition ready, willing and able to perform services under the contract with the defendants, but that the defendants had refused to allow him to perform his duties thereunder and have refused to accept his services; that, after the wrongful termination of his employment by the defendants, the plaintiff secured other employment at a rate of pay of $500 per month at which employment he worked until the employing corporation ceased to do business, earning the sum of $1,565, thus diminishing his damages by that amount, and that on account of his wrongful discharge he has suffered a loss in salary in the amount of $3,935 to the date of the suit. He further alleged in his petition the bonus provisions of the contract and alleged that the defendants were jointly and severally indebted to him in a sum equal to his bonus for the fiscal year beginning September 1, 1956, and ending August 31, 1957, but that the

defendants had failed and refused to allow him to examine the corporate books and records to ascertain the correct bonus due, and that for this reason he could not allege how much he was due, and he prayed for an accounting to determine the amount of bonus due him.

In connection with the general demurrer, the plaintiffs in error make four contentions in this court. It is first contended that the contract is one of permanent employment, is intrinsically indefinite in duration and is terminable at will by either party, and that for this reason the discharge of the plaintiff afforded him no cause of action. The argument is that the provision of the contract that it shall remain in force and effect for five years from the date of its execution with an automatic renewal thereof at the end of the first five years and for an additional five-year period and continuing on renewals on the basis of five years for each renewal in effect creates a perpetual contract. This clause in the contract, which we have quoted in full above, is not such an ambiguity as would authorize the submission of the contract to a jury for determination of its meaning. Code § 20-701. "The cardinal rule of construction is to ascertain the intention of the parties." Code § 20-702. And that construction which will uphold the contract in whole and in every part is to be preferred. Code § 20-704 (4). Applying these fundamental rules of construction to the contract here in question, it was not a contract of permanent employment as contended by the plaintiff in error, but was a contract for an initial term of five years. The provision for automatic renewal when given a reasonable construction will not be held to require the renewal or extension of the contract for additional five-year periods except upon the mutual assent of the parties thereto at or before the date of renewal. While the contract does not set forth the mechanics by which assent or nonassent may be communicated by one of the parties to the other, this fact alone would not invalidate the instrument as a contract. The contract being thus construed, the plaintiff's term of employment was not terminable at will by either party except in accordance with its provisions and the petition alleging by way of conclusion which was undemurred to that the plain-

tiff's discharge by the defendants was wrongful, it was not subject to general demurrer for the reason first contended.

It is the contention of the plaintiffs in error that the contract lacks mutuality in that the plaintiff did not thereby undertake any binding and enforceable obligation to perform services for the defendant for any particular length of time and that he could quit his employment with the defendants at his will. This construction of the contract is not authorized. The plaintiff contracted that he would "faithfully, adequately and completely perform his duties as executive vice-president, general manager in charge of all operation of sales, office, personnel of offices, sales-force and warehouses and in the contracts and contacts with the buying and selling public in the distillery business and the retail liquor sales to promote exclusively the business and sales of the party of the first part, and not to engage in any other business or interest in conflict or competition, to the best interest and future success and income of the parties of the first part, and to exclusively devote his full time to the promotion of the business and income of the parties of the first part in the corporation aforesaid." This is a binding and enforceable agreement upon which the defendants could sue the plaintiff and recover a judgment upon proof of breach of its provisions by the plaintiff and upon proof of damages accruing to them as a result of such a breach. The contract was not void, therefore, for lack of mutuality.

Another contention of the plaintiff in error is that the contract is an ultra vires delegation of the management and control of the corporation and attempts to hire an officer and general manager for an unreasonable period of time and is, therefore, void as a matter of public policy. We know of no law, and the plaintiff in error has cited no authority, which would prevent a duly authorized agent (and the president who executed the contract for the defendant corporation here was alleged to have been a duly authorized agent) from entering into a contract delegating the corporate powers as was done in this case. The powers of corporations and the manner in which they may be exercised, either by the directors or by the stockholders, is, under the provisions of Georgia law, provided for in the charter of the

corporation and in its bylaws (Ga. L. 1937-38, Ex. Sess., pp. 214, 240; Code, Ann., § 22-1869), and in the absence of a showing in the petition or exhibits thereto of specific provisions in the charter or bylaws which, when fairly construed, prohibit the making of such a contract by an authorized agent of the corporation, the petition is not subject to general demurrer. No provision of the charter or bylaws of the defendant corporation is pleaded in this case, and it being alleged that the defendant Nikas who entered into the contract was a duly authorized agent of the corporation, this allegation must be taken as true on general demurrer. If, in fact, he was not the duly authorized agent of the defendant corporation, or if in executing this contract he exceeded his authority as agent of the corporation, or if the execution of the contract violated some provision of the charter or bylaws, these would be matters to be pleaded by way of affirmative defense and to be proved by the defendants as any other matter of fact.

The final contention of the plaintiff in error is that if the contract purports to be a hiring of the plaintiff by the defendant Nikas in his individual capacity, it is a violation of Nikas' fiduciary obligation as a stockholder and director and is void on the ground of public policy; and, further, that if it purports to be a guarantee by Nikas of the performance of the contract on the part of the corporation, that as such it is void. No provision of the Georgia law, nor any general principle of law requiring this conclusion, has been cited in support of this conclusion. The general rule would seem to be to the contrary. See 14A C. J. 171, Corporations, § 1950; 19 C. J. S. 264, 265, Corporations, § 840, and authorities cited therein. This was not a contract by Nikas by which he agreed to bind himself to some future course of conduct as director or stockholder of the corporation and thus to compel the corporation to act in a particular way, but on the contrary, was a joint undertaking by him with the corporation simultaneously entered into.

It follows, therefore, that the petition was not subject to the general demurrer for any reason advanced by the plaintiff in error.

■ In paragraph 16 of the petition, the plaintiff alleged that at the time he was discharged by the defendants he was 55 years

of age, and that on account of this it was difficult for him to obtain other employment and to achieve financial security, and that in discharging the plaintiff wrongfully, etc., the defendants acted in bad faith, and, therefore, the plaintiff was entitled to recover attorney's fees. These allegations were demurred to specially on the ground that they were immaterial and prejudicial to any issue in the case, and that the facts thus alleged did not show bad faith on the part of the defendants. The trial court overruled this demurrer and one of the assignments of error in this court is on that ruling. The allegations as to the plaintiff's age and the consequent difficulty that he would have in obtaining employment were not material or relevant, and such facts, even if proved, would not in any manner have tended to illustrate bad faith on the part of the defendants in discharging the plaintiff. The trial judge, therefore, erred in overruling subparagraph 1 of paragraph 1 of the special demurrer.

*Judgments affirmed in part and reversed in part. Gardner, P. J., and Townsend, J., concur.*