64653. STATE OF GEORGIA v. BELCHER et al.

POPE, Judge.

This appeal arises from the grant of defendant Belcher's motion for directed verdict in an action brought by the state for condemnation of a motor home seized under the Georgia Controlled Substances Act. On July 8, 1980, acting on an informant's tip and accompanied by the informant, special agent Tom Davis of the Georgia Bureau of Investigation met with one Sharpe inside Denny's Restaurant in Gwinnett County to negotiate the purchase of cocaine. Sharpe told the agent that the cocaine was outside in a motor home. He then moved from the agent's table to the counter where he spoke with Belcher. The agent and informant were taken by Sharpe to the motor home which was parked in the restaurant parking lot. The three were inside the vehicle for three to four minutes when Belcher used a key to the front door and entered the motor home carrying a motorcycle helmet. Belcher walked to the table at which the agent and Sharpe were seated, took from his shirt pocket a clear plastic bag containing approximately four ounces of cocaine and laid the bag upon the table in front of the agent. After Belcher offered the cocaine for sale at an approximate price of $7,600.00, he and Sharpe were arrested by the agent. The motor home which was owned by Belcher was seized pursuant to Code Ann. § 79A-828 (a) (4) (now OCGA § 16-13-49 (a) (4)). Although a search of Belcher's person revealed an additional small amount of cocaine, no other illegal drugs were found within the motor home.

Trial was held before a jury in the proceeding to condemn the motor home. Belcher's counsel timely moved for directed verdict, and, at the close of the evidence, the trial court granted the motion.

Under Code Ann. § 79A-828(a)(4), "[a]ll conveyances, including aircraft, vehicles or vessels, which are used, or intended for use, to transport, hold, conceal, or in any manner to facilitate the transportation, for the purpose of sale or receipt of [illegal drugs]" are subject to forfeiture. Appellee contends, and the trial court agreed, that the state failed to carry its burden of producing evidence

sufficient to show that the motor home was used or intended for use in transporting or facilitating the transportation of the cocaine. Insofar as the question of sufficiency of evidence arises from the trial court's grant of the motion for directed verdict, we disagree.

" 'The rule stated in the final sentence of Code Ann. § 81A-150(a) [now OCGA § 9-11-50(a)] purports to set forth the standard for a directed verdict long recognized in this state.' " *Ga. Power Co. v. Nix,* 147 Ga. App. 681, 683 (250 SE2d 17) (1978). "If there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict, such verdict shall be directed." Code Ann. § 81A-150(a). " 'It is only where reasonable men may not differ as to the inferences to be drawn from the evidence that it is proper for the judge to remove the case from jury consideration.' " *Brown v. Truluck,* 239 Ga. 105, 107 (236 SE2d 60) (1977).

Evidence was adduced at trial to show that the agent did not observe the manner in which Belcher arrived with the cocaine, either prior to the meeting inside the restaurant or from inside the motor home. It is, however, not unreasonable to infer, since Belcher owned the motor home, that he drove the vehicle into the parking lot while the cocaine was in his physical possession. Further, Belcher's counsel established through cross-examination of the agent that the presence of several guns, one loaded and ready to fire, found in a search of the motor home and of Belcher's person could be explained thus: "[P]eople in the business that Mr. Belcher was in will carry a gun with this sort of transactions [sic] for fear that another criminal will try to rob them of their contraband." The agent's decision to arrest Belcher immediately was based upon Belcher's statement that the cocaine would not be available the next morning because two other people already wanted it. From the foregoing, the jury would have been authorized to find that the motor home had been used and/or was intended for use in transporting the quarter-pound of cocaine.

The party opposing the motion must be given the benefit of all reasonable doubts and inferences on a motion for directed verdict, and the evidence is to be construed most favorably to that party. *McCarty v. National Life &c. Co.,* 107 Ga. App. 178, 179 (129 SE2d 408) (1962). It was not within the province of the trial judge in this case to weigh the evidence or to decide any issue of fact. " 'Before he can legally direct a verdict for the [defendant], he must find from the evidence that there is *no evidence of any kind* supporting plaintiff's position.' " *Barber v. Atlas Concrete Pools,* 155 Ga. App. 118, 119 (270 SE2d 471) (1980). Resolution of the use or intended use of the motor home for transportation or facilitation of transportation of the cocaine was the duty of the jury. This is true even where, as in the case

sub judice, such resolution is based upon circumstantial evidence since reasonable inferences were raised to support each party's theory. See *McCarty v. National Life &c. Co.*, supra; *Whitaker v. Paden*, 78 Ga. App. 145 (50 SE2d 774) (1948).

*Judgment reversed. Deen, P. J., and Sognier, J., concur.*

DECIDED JANUARY 4, 1983 —
REHEARING DENIED JANUARY 17, 1983 — 

*W. Bryant Huff*, District Attorney, *Genevieve L. Frazier*, Assistant District Attorney, for appellant.
*William J. Porter*, for appellees.