## A89A0844. STATE OF GEORGIA v. HAMM et al.
(387 SE2d 344)

CARLEY, Chief Judge.

Pursuant to OCGA § 16-13-49 (a) (4), the State filed a condemnation proceeding against a vehicle belonging to appellee. At a bench trial, the following evidence was adduced: Appellee met with an undercover agent. The agent agreed to follow in his vehicle as appellee drove to an apartment complex. At the apartment complex, appellee offered to sell the agent cocaine. When the agent accepted the offer, appellee entered one of the apartments. He returned with the cocaine and the sale was consummated in the agent's vehicle. There was no evidence that any cocaine or other controlled substance was ever in appellee's vehicle or on his person while he was an occupant of his vehicle. On this evidence, appellee's motion for directed verdict was granted. The State appeals from that ruling.

"In a non-jury case, it is procedurally incorrect to move for a directed verdict; and such a motion [as well as the grant thereof] will be construed as one for involuntary dismissal under Section 41 (b) of the Civil Practice Act. [Cit.]" *Kennery v. Mosteller*, 133 Ga. App. 879, 880 (212 SE2d 447) (1975). OCGA § 16-13-49 (a) (4) provides: "The following are subject to forfeitures: . . . All conveyances, including . . . vehicles . . . which are used, or intended for use, to transport, hold, conceal, or in any manner to facilitate the transportation, for the purpose of sale or receipt, of property described in paragraph (1) or (2) of this subsection. . . ." This "statute must be strictly construed." *Lang v. State*, 168 Ga. App. 693, 695 (4) (310 SE2d 276) (1983). There is no evidence, direct or circumstantial, that any contraband was ever actually transported, held or concealed in appellee's vehicle or was ever intended to be transported, held or concealed in that vehicle. Compare *State of Ga. v. Belcher*, 165 Ga. App. 139 (299 SE2d 57) (1983) (wherein there was circumstantial evidence that the vehicle had been or was intended to be used to transport the contraband). It is undisputed that appellee's vehicle was neither used nor intended for use to transport, hold or conceal the contraband. His vehicle was used only to transport himself to the site where the cocaine was located and the sale eventually took place.

By transporting appellee to the site, his vehicle was certainly used to facilitate the sale of the cocaine. It was not, however, used to facilitate the transportation of the cocaine, which was presumably already at the site. The argument advanced by the State in support of the condemnation of appellee's car has been rejected in other jurisdictions having condemnation statutes comparable to ours and we hereby reject it in Georgia. "The State contends that the federal courts have applied the forfeiture provision of the federal Controlled Substances Act to vehicles used solely to transport people to the site

of drug transactions. [Cits.]. . . . The State argues that we should give [OCGA § 16-13-49 (a) (4)] the same meaning as [the federal statute]. We are not persuaded. The State's argument . . . has a fatal flaw. The language in the federal statute is different. . . . [The federal] statute is far broader than [OCGA § 16-13-49 (a) (4).] It reaches vehicles used to facilitate the sale, receipt, possession or concealment of property regardless of whether they are used to transport anything. The federal cases relied on by the State depend on that part of the federal statute missing in our [S]tate version. In each of those cases, the court held that the vehicle had been used to facilitate the transportation *or sale* of controlled substances. [Cits.] Facilitating [the] sale of a controlled substance does not subject a vehicle to forfeiture under our statute. . . . [Thus,] vehicles are subject to forfeiture [under OCGA § 16-13-49 (a) (4)] only if used, or intended for use, to transport or facilitate the transportation of controlled substances. The statute does not apply to [appellee's vehicle]." (Emphasis in original.) *Kahler v. Kernes*, 711 P2d 1043, 1045-1046 (Wash. App. 1985).

*Judgment affirmed. McMurray, P. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

There is no transcript, but the judgment sets out the findings of fact to which the court applied its understanding of OCGA § 16-13-49 and in particular subsection (a) (4). There were actually two incidents.

Based on information from a confidential informant, the agent and the informant went to a quick market and met outside with defendant, who came in the subject car. The agent expected Hamm to transact a sale of cocaine there, but Hamm motioned the agent to follow him to a certain apartment complex nearby. In that parking lot, Hamm negotiated for a sale and then, with government funds, went into the complex and returned with cocaine in the amount agreed. Everyone left.

Three weeks later the agent contacted Hamm and they arranged to meet at the same market. They met again and this time the informant was with Hamm, in the subject vehicle. As on the first occasion, the agent expected Hamm to produce the cocaine at this location, as Hamm had agreed to do this time, but Hamm suggested that the agents follow him to the same apartments. The agents refused, arrested Hamm for sale of cocaine, and found a loaded firearm but no cocaine during the car inventory search.

In view of some of the parties' argument, it should be made clear that the State does not have to show that the forbidden property was actually transported at some time in the vehicle. If the vehicle was in fact used, that is an objective and outward event which supplies the

element. But it is also enough if there is evidence that the vehicle was *"intended for use*, to transport, hold, conceal, or in any manner to facilitate the transportation" of the forbidden property for its sale or receipt. That is, even if there is no proof that the vehicle was actually used for transportation of the property (or some other enumerated purpose with respect to it), if there is evidence that it was merely "intended to be used," such subjective, intangible, matter-of-the-mind proof as to the future would qualify the vehicle for forfeiture. Such intention may be proved indirectly, OCGA § 16-2-6, by a preponderance of evidence, OCGA § 24-4-3.

I depart from the majority when it says that it is undisputed that the vehicle was not intended for a prohibited use. A reasonable inference could be made that Hamm intended to use the car "to transport, hold, conceal, or in any manner to facilitate the transportation of" the cocaine, particularly since a loaded weapon was found in the car. See *State of Ga. v. Belcher*, 165 Ga. App. 139, 140 (299 SE2d 57) (1983). However, whether the evidence would support such a finding is immaterial because the language in the court's order indicates that the court considered this alternative and did not so find. In any event, it does not appear that the court misconstrued the Georgia statute, and we are bound by its findings of fact. As said in *Belcher*, supra: "Resolution of the use or intended use of the [vehicle] for transportation or facilitation of transportation of the cocaine was the duty of the [factfinder]."

DECIDED SEPTEMBER 25, 1989 —
REHEARING DENIED OCTOBER 16, 1989 — 

*Robert E. Keller, District Attorney, Daniel J. Cahill, Jr., Lisa A. Curia, Assistant District Attorneys*, for appellant.
*Fowler, Hein & Daum, Douglas R. Daum*, for appellees.