A90A2237. HERTZ CORPORATION v. McCRAY.
(402 SE2d 298)

BIRDSONG, Presiding Judge.

Appellant Hertz Corporation appeals the order of the state court directing verdict for appellee Ida McCray in a bench trial.

Appellee rented a car from appellant, and elected to purchase an optional loss/damage waiver. This waiver, in effect, provided that appellant waive any claim against appellee for loss or damage to its rental car unless it results from, inter alia, "the use of the car, with [appellee's] permission, by persons other than authorized operators."

Appellant brought suit against appellee for damages to the rental vehicle. Appellee admitted, during her testimony, that she loaned the car to Bobby C. Lampley who subsequently wrecked the car. *Held*:

1. In a bench trial there is no jury verdict. Thus, it is procedurally incorrect to move for a directed verdict; and such motion, as well as the grant thereof, will be construed as one for involuntary dismissal under OCGA § 9-11-41 (b). *State of Ga. v. Hamm*, 193 Ga. App. 184 (387 SE2d 344). " 'Under Sec. 41 (b), a trial judge in a non-jury case expressly has the power to adjudicate the case on the merits at the conclusion of plaintiff's case. If the trial judge has the power of adjudication of the facts upon motion for involuntary dismissal in a non-jury case, he must weigh the evidence. There is no obligation in the statute that the judge in determining the facts must consider plaintiff's evidence in a light most favorable to the plaintiff. Since the court determines the facts as well as the law, it necessarily follows

that the motion may be sustained even though plaintiff may have established a prima facie case.'" *Kennery v. Mosteller*, 133 Ga. App. 879, 880-881 (212 SE2d 447). " 'Thus, in cases of this nature, the trial judge sits as trier of fact, and his findings are analogous to the verdict of a jury and should not be disturbed if there is any evidence to support them.'" *Safeway Ins. Co. v. Holmes*, 194 Ga. App. 160, 161 (1) (390 SE2d 52).

2. Appellant asserts the trial court erred in not permitting appellant's witness to be questioned about the witness' qualifications to testify as to appellant's books and records.

During the course of the trial, appellant called as a witness the southeast regional damage appraiser for the Hertz Corporation and attempted through this witness to lay the foundation for the introduction of certain copies of documents alleged to be business records of Hertz. Although the witness testified initially that he was familiar with the method used by plaintiff in keeping books and records and with the records of Hertz of this particular transaction relating to the subject of this lawsuit, the trial court sustained several varying objections to the testimony of this witness concerning the type of business records maintained by Hertz in the ordinary course of business, and whether the entries on certain records were made at or near the time of the occurrence of the transaction to which they referred.

OCGA § 24-3-14 prescribes the statutory standard for the admission in evidence of records made in the regular course of business. This Code section is to be liberally interpreted and applied. OCGA § 24-3-14 (d).

The trial court stated that appellant must show the witness "keeps these records" and "they are kept under his control and supervision."

Before a writing or record is admissible, under OCGA § 24-3-14 (b), a foundation must be laid through the testimony of a witness who is familiar with the *method* of keeping the records and who can testify thereto and to facts which show that the entry was made in the regular course of a business at the time of the event or within a reasonable time thereafter. *Suarez v. Suarez*, 257 Ga. 102, 103 (2) (355 SE2d 649). Copies of business records can be admitted without accounting for the absence of the originals once the above foundation has been laid; likewise photostatic reproductions or duplicate originals of any original business record or document are admissible in lieu of the original. *Wiggins v. State*, 249 Ga. 302, 305 (2) (c) (290 SE2d 427); *Smith v. Smith*, 224 Ga. 442, 443 (1) (162 SE2d 379). A witness identifying business records under OCGA § 24-3-14 does not have to have personal knowledge of the correctness of the records or have made the entry himself. *Davis v. State*, 194 Ga. App. 902, 904 (2) (392 SE2d 327); *Whittington v. State*, 155 Ga. App. 667 (2) (272 SE2d

532); see *Smith v. Bank of the South*, 141 Ga. App. 114 (232 SE2d 629) (lack of personal knowledge of making of business records affects weight not admissibility). Moreover, unlike the so-called "official records" exception of some jurisdictions, the Georgia Business Records Act does *not* require that the person laying the foundation for business records' admissibility be the custodian of the records, that is, be the person who "keeps the records" under his "control and supervision." Thus, "[n]o particular person, such as a bookkeeper or salesman, is required to be called," rather, "[a]ny person who is familiar with the method of keeping the records and can identify them may lay the necessary foundation." Green, Ga. Law of Evid. (3d ed.), Business Entries, § 313. It would appear that the necessary degree of familiarity could be obtained through a number of common business practices, such as being the records' custodian, making the entries during the usual course of employment, observing the method of records keeping through on-the-job training, experience or observation, or by attending courses of instruction sponsored by the business regarding the method of keeping the particular business records in question. The manner in which familiarity is obtained, like the question of whether the witness has personal knowledge of the particular business entry, goes only to weight and not to document admissibility. Cf. *Smith*, supra. Thus, it is apparent the trial court required overly stringent foundation requirements as a prerequisite to document admissibility.

However, a case will not be reversed merely because error may have occurred. Appellant is required to show harm as well as error to prevail on appeal (*Baker v. Baker*, 194 Ga. App. 477, 480 (390 SE2d 892)), and this appellant must show by the record as harm cannot be established by unsupported assertions contained in trial briefs (*Rowe v. Rowe*, 195 Ga. App. 493 (393 SE2d 750)). The record in this case reflects that appellant made no proffer as to the contents of the documents, and that except for Plaintiff's Exhibit A, which was admitted in evidence, none of the other exhibits in question is attached to the record of trial. Further, Plaintiff's Exhibits B, C, D, E and F do not appear to have been formally offered in evidence by appellant. Further, examination of the record and transcript shows that the missing documents were at best identified by name, and that no attempt was made to identify their contents for record and subsequent appellate purposes. Under these circumstances, appellant has failed to show harm within the meaning of *Baker* and *Rowe*, supra. "It is a well-established appellate rule that the burden is on the appellant to show error by the record, and when a portion of the evidence bearing upon the issue raised by the enumeration of error is not brought up so that this court can make its determination from a consideration of it all, an affirmance as to that issue must result." (Punctuation omitted.)

*Ross v. State*, 195 Ga. App. 624, 626 (3) (394 SE2d 418).

3. Appellant asserts the trial court erred in not allowing into evidence an "Alabama Municipal Court Judgment" certified under seal of the clerk of courts.

Review of the record and transcript reflects that the so-called "Alabama Municipal Court Judgment" has not been attached thereto, nor was any proffer made as to the document's content at trial. Further, examination of the pages of the record cited by appellant in its brief reflects that appellant attempted to introduce into evidence a document which he apparently had marked as "Plaintiff's Exhibit G for identification." Appellant did not further describe either the caption of this document or its contents for the record. Counsel for the appellee made an immediate objection to the introduction of the document, and in so doing described it as being "a copy of what purports to be an Alabama ticket." The trial court observed that "if the police officer himself were here and said . . . I wrote that *ticket* . . . and gave it to a party. That would still be inadmissible." (Emphasis supplied.) Appellant did not object to either the characterization by appellee's counsel or by the trial court of the offered exhibit as being a "ticket." Further, while appellate counsel stated on the record that the document had been certified with a stamp and stated that the clerk of the municipal court certified it, he did not attempt to recharacterize the document as being any more than an issued traffic "ticket." Accordingly, as in Division 2 above, nothing before us establishes the actual content of the exhibit; appellant has failed to show the existence of any harm that would necessitate reversal. See generally *Baker, Rowe*, and *Ross*, supra.

4. Appellant asserts that the trial court erred in ruling that appellant had not proven a contract violation relating to an unauthorized driver of the rented vehicle.

The prime contention of appellant in this regard is that "once it was established by the evidence that appellee had permitted the use of said rented vehicle, it was appellee's burden of proof at trial to prove the qualification of such operator to be classified as an authorized operator" within the meaning of the rental contract.

The persuasiveness of appellant's assertion of error, unsupported by any citation of legal authority, is far from *apparent* on its face, as it is a general rule under Georgia law, that the alleged injured party who asserted breach of contract has the burden of proof. Compare *Dobbs v. Titan Properties*, 178 Ga. App. 389, 391 (3) (343 SE2d 419); *Adamson Co. v. Owens-Illinois Dev. Corp.*, 168 Ga. App. 654, 657 (309 SE2d 913) and *James v. Emmco Ins. Co.*, 71 Ga. App. 196, 199 (2) (30 SE2d 361) with *Nikas v. Hindley*, 99 Ga. App. 194, 199 (108 SE2d 98). "[T]his [c]ourt indulges in the presumption that the trial court's decision is correct, and decisions will not be reversed on argument of

error not supported by authority, if authority is available, unless error is apparent without further research. In the case before us, the error is not apparent without further research, accordingly, we presume the trial court has not [erred]." *Georgia-Pacific Corp. v. Lumber Prods. Co.*, 590 P2d 661, 666 (9) (S.C. Okla.).

Additionally, the basic rental contract reflects that appellee accepted appellant's offer to purchase a "Loss/Damage Waiver (LDW)" or "loss/damage waiver option." The rental contract pertinently provides: "If you accept the loss/damage waiver option, which is not insurance, at the beginning of the rental, Hertz will waive your responsibility for such loss or damage *unless* it results from: (A) The use of the car, with your permission, by persons other than authorized operators . . . or (C) By your . . . allowing the car to be used as prohibited by paragraph 5 of this agreement. . . ." (Emphasis supplied.) Examining the rental contract on its four corners, it is apparent appellant's legal claim relies substantially upon the contention that it is protected under an *exception* to the "loss/damage waiver option" from having waived appellee's responsibility for loss and damage to the automobile by virtue of the fact that appellee allowed an unauthorized operator, within the meaning of the contract, to use the vehicle. "A party who seeks the advantage of an exception in a contractual stipulation as the basis of his claim is charged with the burden of proving facts necessary to bring himself within such exception." 17A CJS, Contracts, § 578. Accordingly, appellant had the burden of proof, and the trial court did not err in holding that "no evidence was introduced to show that the nephew was not an authorized driver."

Appellant's other assertions likewise are without merit.

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 4, 1991.

*Karl J. Howe, Jr.*, for appellant.
Ida McCray, *pro se*.

