A93A1672. STATE OF GEORGIA v. WHITE.
(437 SE2d 826)

BLACKBURN, Judge.

On July 17, 1992, Barry White purchased less than one gram of counterfeit crack cocaine from an undercover officer with the Richmond County Sheriff's Department during a reverse sting operation. When White attempted to drive away from the scene, he was arrested and charged with criminal attempt to possess cocaine. The sheriff's department impounded White's vehicle, a 1979 Ford F-100 pickup truck, and on September 15, 1992, the State of Georgia commenced this forfeiture action pursuant to OCGA § 16-13-49. White eventually pleaded guilty on November 12, 1992.

White answered the complaint for forfeiture, and following a hearing on the matter, the trial court denied the State's petition on the grounds that the forfeiture provisions of OCGA § 16-13-49 did not apply to transactions involving counterfeit controlled substances. The State appeals from that order.

OCGA § 16-13-49 generally governs forfeitures of contraband associated with violations of the Georgia Controlled Substances Act, and "must be liberally construed to effectuate its remedial purposes." OCGA § 16-13-49 (z). Subsection (d) (2) of that Code section provides that all property directly or indirectly used, or intended for use, in any manner to facilitate a violation of the Georgia Controlled Substances Act shall be subject to forfeiture.

Under OCGA § 16-13-30 (a), "it is unlawful for any person to purchase, possess, or have under his control any controlled substance." Crack cocaine is certainly a controlled substance as defined in OCGA § 16-13-21. OCGA § 16-13-33 also provides that "[a]ny person who attempts or conspires to commit any offense defined in this

article shall be, upon conviction thereof, punished by imprisonment not exceeding the maximum punishment prescribed for the offense, the commission of which was the object of the attempt or conspiracy." Consequently, the attempt to possess crack cocaine is a violation of the Georgia Controlled Substances Act, and any property used to facilitate such a criminal attempt would be subject to forfeiture under OCGA § 16-13-49 (d) (2).

Prior to the 1991 amendment of OCGA § 16-13-49, before a vehicle was forfeitable, it was necessary to show that the vehicle was used, or was intended for use, *to transport* or facilitate the *transportation* of contraband. *State of Ga. v. Hamm,* 193 Ga. App. 184 (387 SE2d 344) (1989). The current burden is considerably less, with the State only having to show that use of the subject property facilitated, or was intended to facilitate, a violation of the Georgia Controlled Substances Act. In *Hamm,* where a vehicle was driven to the site of a drug deal, this court observed that the vehicle "was certainly used to facilitate the sale," although that was insufficient to authorize forfeiture under former OCGA § 16-13-49. However, had the current statute been in effect at the time *Hamm* was decided, forfeiture of the vehicle would have been in order.

In the instant case, White not only drove his pickup truck to the drug deal site, but he also attempted to drive away in it after purchasing the counterfeit crack cocaine. Under these circumstances, his use of the truck facilitated his attempted violation of OCGA § 16-13-30 (a), thereby rendering the vehicle subject to forfeiture pursuant to OCGA § 16-13-49 (d) (2). Indeed, the element of facilitation would have been satisfied even under the former Code section that required actual or intended transportation of contraband.

Because the instant case involved less than one gram of counterfeit cocaine, the trial court evaluated the forfeiture petition under OCGA § 16-13-49 (e), which provides in part that "[a] property interest shall not be subject to forfeiture under this Code section for a violation involving one gram of cocaine or less . . . unless said property was used to facilitate a transaction in or a purchase of or sale of a controlled substance. . . ." The court concluded that because the counterfeit crack cocaine purchased by White was not a controlled substance as defined in OCGA § 16-13-21, this transaction involving the counterfeit cocaine did not fall within the purview of OCGA § 16-13-49.

However, as discussed above, the forfeiture provision contained in OCGA § 16-13-49 (d) (2) extends to property used to facilitate a violation of the Georgia Controlled Substances Act. White's attempt to purchase cocaine, which constituted a violation of that Act under OCGA §§ 16-13-30 (a) and 16-13-33, and his use of his pickup truck to facilitate that purchase, would thus invoke that forfeiture provi-

sion.

Further construing the statute liberally as required by OCGA § 16-13-49 (z), the exception to forfeiture contained in OCGA § 16-13-49 (e), regarding transactions involving less than one gram of cocaine, would also be applicable to transactions involving the attempted purchase or possession of a like amount of cocaine, notwithstanding the fact that the actual substance was counterfeit. Nevertheless, because White used his truck to facilitate his attempted purchase and possession of cocaine, the vehicle was still subject to forfeiture even under the terms of that exception. Accordingly, the trial court erred in denying the State's complaint for forfeiture.

*Judgment reversed. McMurray, P. J., and Johnson, J., concur.*

DECIDED OCTOBER 26, 1993 —
RECONSIDERATION DENIED NOVEMBER 15, 1993 ▮▮▮▮▮▮▮

*Daniel J. Craig, District Attorney, Daniel W. Hamilton, William C. Davison, Assistant District Attorneys,* for appellant.

*Peter D. Johnson,* for appellee.