### A93A1827. LANIER et al. v. STATE OF GEORGIA.
(441 SE2d 87)

COOPER, Judge.

Appellants appeal from an order of forfeiture condemning a 1989 Dodge pickup seized under the Georgia Controlled Substances Act. As their sole enumeration of error, appellants raise the general grounds.

The evidence adduced at the bench trial is as follows: An informant arranged for the sale of one pound of marijuana by undercover officers to Jimmy Allen Lanier, the owner of a 1989 Dodge pickup. Lanier arrived at the pre-arranged location in the pickup. He got out of the vehicle and entered the undercover officers' vehicle. Lanier was shown the marijuana, and he gave an undercover officer $1,400. As the officer counted the money, other officers converged on the car, and Lanier was arrested.

Relying on *State of Ga. v. Hamm*, 193 Ga. App. 184 (387 SE2d 344) (1989), appellants concede that the pickup might have facilitated the sale of marijuana, by transporting Lanier to the site, but it was not used to facilitate the transportation of the marijuana which was already at the site. Moreover, while it is probable that Lanier would have left the site with the marijuana in the pickup had he not been arrested, the arrest prevented the pickup from actually being used to transport the contraband; thus, the court erred in ordering its forfeiture. The former OCGA § 16-13-49 (a) (4) provided: " 'The following are subject to forfeitures: . . . All conveyances, including . . . vehicles . . . which are used, or *intended for use*, to transport, hold, conceal, or in any manner to facilitate the transportation, for the purpose of sale or receipt, of property described in paragraph (1) or (2) of this subsection. . . .' " (Emphasis supplied.) *Hamm*, supra at 184. In *Hamm*, an undercover agent followed the defendant in his vehicle to an apartment complex where the defendant offered to sell the agent cocaine. When the agent agreed to the purchase, the defendant obtained cocaine from one of the apartments, and the sale was consummated in the agent's vehicle. Id. The court found no direct or circumstantial evidence that the cocaine was ever transported, held or concealed in the defendant's vehicle or was ever intended to be transported, held or concealed in the vehicle.

" 'In a bench trial the court sits as trier of fact and its findings will not be set aside unless clearly erroneous. (Cit.)' [Cit.]" *Stedry v. Mitchell*, 201 Ga. App. 682, 683 (1) (411 SE2d 735) (1991). In the instant case, the court found that the pickup "was intended for use to transport, hold and conceal, in some manner to facilitate the transportation of marijuana for the purpose of sale or receipt." Lanier arrived at the site in the pickup, and there was no evidence that Lanier had any alternative means of leaving the site with the marijuana; therefore, it was reasonable for the court to conclude that Lanier intended to transport the marijuana in the pickup after the purchase. "Resolution of the use or intended use of the [pickup] for transportation or facilitation of transportation of the [marijuana] was the duty of the [finder of fact]. This is true even where, as in the case sub judice, such resolution is based upon circumstantial evidence since reasonable inferences were raised. . . . [Cits.]" *State of Ga. v. Belcher*, 165 Ga. App. 139, 140-141 (299 SE2d 57) (1983). We find no error in the judgment of the trial court.

*Judgment affirmed. Beasley, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 14, 1994.

*Christopher G. Nicholson*, for appellants.

*Daniel J. Craig, District Attorney, Daniel W. Hamilton, Charles R. Sheppard, Assistant District Attorneys,* for appellee.