S94G0321. WHITE v. STATE OF GEORGIA.
(448 SE2d 354)

THOMPSON, Justice.

We granted certiorari to determine whether the forfeiture statute (OCGA § 16-13-49) can be applied to a transaction involving an imitation controlled substance. Under the circumstances of this case, it cannot.

White purchased less than one gram of counterfeit crack cocaine from an undercover officer and attempted to drive off in his truck. Thereafter, the state brought this forfeiture proceeding against White's truck. White asserted the truck was not subject to forfeiture because the underlying transaction did not involve a controlled substance. The trial court agreed, denied forfeiture, and ordered the re-

---

turn of the truck to White. The state appealed and the Court of Appeals reversed, holding that White's truck was used to facilitate a violation of the Georgia Controlled Substances Act and that, therefore, forfeiture was appropriate. *State of Ga. v. White*, 210 Ga. App. 876 (437 SE2d 826) (1993). We reverse the judgment of the Court of Appeals.

The forfeiture statute provides, in pertinent part:

> A property interest shall not be subject to forfeiture under this Code section for a violation involving one gram of cocaine or less . . . unless said property was used to facilitate a transaction in or a purchase of or sale of a controlled substance . . .

OCGA § 16-13-49 (e). The statute defines the term "controlled substance" thusly: " 'Controlled substance' shall have the same meaning as provided in paragraph (4) of Code Section 16-13-21 . . . , notwithstanding any other provisions of this article." OCGA § 16-13-49 (a) (1). Paragraph 4 of OCGA § 16-13-21 defines the term "controlled substance" as "a drug, substance, or immediate precursor in Schedules I through V of Code Sections 16-13-25 through 16-13-29 and Schedules I through V of 21 C.F.R. Part 1308." That definition does not include the term "imitation controlled substance." Cf. OCGA § 16-13-21 (12.1). Thus, under a plain reading of the statute, forfeiture is inappropriate in this case. See generally *Hollowell v. Jove*, 247 Ga. 678, 681 (279 SE2d 430) (1981) (where statute is plain and susceptible of but one natural and reasonable construction, court has no authority to construe it differently).

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 21, 1994 —
RECONSIDERATION DENIED OCTOBER 17, 1994.

*Peter D. Johnson*, for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.