A97A1897. BETTIS et al. v. STATE OF GEORGIA.
(491 SE2d 155)

ELDRIDGE, Judge.

Carlos Bettis and his sister, Naomi Bettis, appellants, challenge the forfeiture of a 1988 Mercedes Benz automobile to the State. We affirm the trial court's judgment.

On April 11, 1996, Carlos Bettis was apprehended at an apartment in DeKalb County, following a controlled drug delivery to the apartment; Carlos Bettis did not reside at the apartment. The delivery was videotaped by police officers, who had been previously notified of the pending delivery. The videotape showed someone other than the appellant emerging from the apartment and signing for the package. Carlos Bettis was shown standing in the doorway of the apartment at the time of the delivery; the videotape did not show Carlos Bettis signing for or otherwise handling the package. Carlos Bettis reentered the apartment after the delivery had been made. Police officers immediately executed a search warrant for the apartment, and Carlos Bettis was apprehended as he "took flight" to a back bedroom. Inside the apartment's kitchen, officers found the opened package, which contained cocaine; some of the cocaine was being "cooked" in a pan; several plastic baggies were on the counter; and cocaine had been weighed and portioned into the baggies. Personal items belonging to Carlos Bettis, including clothing and paperwork, were also found. The Mercedes at issue in the case sub judice was parked in front of the apartment; the vehicle's keys and its radio faceplate were found on the kitchen counter next to the opened package of cocaine. The Mercedes was seized by the State on April 14, 1996.

An in rem forfeiture hearing was held on March 12, 1997. Following testimony by a police officer and both appellants, as well as the viewing of the videotape, the trial court found that the Mercedes was "used and intended for use in violation of the Georgia Controlled Substances Act" and was also in close proximity to a controlled substance. Therefore, the vehicle was contraband and subject to forfeiture pursuant to OCGA § 16-13-49 (d) (2) and (6). Further, the trial court found that "Naomi Bettis failed to establish ownership of the vehicle sufficient to prevail on an innocent owner defense." The trial

court ordered that the Mercedes be forfeited to the State. This appeal followed. *Held*:

In a bench trial, the judge sits as the trier of fact who determines the credibility of the witnesses and who may accept or reject any part of a witness' testimony, even in the absence of contradictory testimony. *Anderson v. State*, 267 Ga. 116, 118-119 (475 SE2d 629) (1996); *Maynard v. State of Ga.*, 217 Ga. App. 344, 346 (457 SE2d 253) (1995); see also *State v. Williams*, 193 Ga. App. 462 (388 SE2d 55) (1989). "On appeal, we view the evidence in a light most favorable to the court's judgment. See *Gearin v. State of Ga.*, 218 Ga. App. 390 (1) (461 SE2d 562) (1995). Furthermore, because the court in this case sat as the factfinder, we will not set aside its factual findings unless they are clearly erroneous. *State of Ga. v. Banks*, 215 Ga. App. 828 (2) (452 SE2d 533) (1994). A trial court's factual findings are not clearly erroneous if there is any evidence to support them. *Shook v. State of Ga.*, 221 Ga. App. 151, 152 (470 SE2d 535) (1996)." *Hinton v. State of Ga.*, 224 Ga. App. 49 (1) (479 SE2d 424) (1996); *Maynard*, supra at 346; *Lanier v. State of Ga.*, 212 Ga. App. 51, 52 (441 SE2d 87) (1994); see also *Michael v. State of Ga.*, 226 Ga. App. 288 (486 SE2d 406) (1997). " 'This is true even where, as in the case sub judice, such [findings are] based upon circumstantial evidence,' " and the reasonable inferences which flow therefrom. (Citation omitted.) *Lanier*, supra at 52.

"[A] forfeiture action is a *civil* proceeding. See *Murphy v. State*, 267 Ga. 120, 121 (475 SE2d 907) (1996). The State, as plaintiff, was required to prove its case by a preponderance of the evidence rather than by the higher burden of proof applicable to criminal cases. *Griffin v. State of Ga.*, 211 Ga. App. 750 (2) (440 SE2d 483) (1994)." (Emphasis in original.) *Hall v. State of Ga.*, 226 Ga. App. 486, 487 (486 SE2d 710) (1997); see also *Michael*, supra.

1. In the first enumeration of error, appellants assert that the evidence was insufficient to support the trial court's determination that the Mercedes was subject to forfeiture under the provisions of OCGA § 16-13-49 (d).

The Georgia Controlled Substances Act, OCGA § 16-13-20 et seq., makes it unlawful for any person to "purchase, possess, . . . control[,] . . . manufacture, deliver, distribute, dispense, administer, sell, or possess with intent to distribute any controlled substance," including cocaine. OCGA §§ 16-13-26 (1) (D); 16-13-30 (a), (b). Under OCGA § 16-13-49 (d) (2), "[a]ll property which is, directly or indirectly, used or intended for use in any manner to facilitate a violation of [the Georgia Controlled Substances Act] or any proceeds derived or realized therefrom," is declared to be contraband and, therefore, subject to forfeiture. "This Code section must be liberally construed to effectuate its remedial purposes," i.e., balancing the prompt disposi-

tion of property subject to forfeiture with the protection of the property interests of innocent owners. OCGA § 16-13-49 (z); *Howard v. State of Ga.*, 223 Ga. App. 323 (477 SE2d 605) (1996); *Rabern v. State of Ga.*, 221 Ga. App. 874 (473 SE2d 547) (1996); *State of Ga. v. White*, 210 Ga. App. 876 (437 SE2d 826) (1993), rev'd on other grounds, 264 Ga. 547 (448 SE2d 354) (1994).

From the evidence in the record of the case sub judice,[1] it is reasonable to infer that Carlos Bettis drove to the apartment in the Mercedes to participate in prohibited drug activity and that he intended to leave the apartment in the same manner. As such, this evidence supports the trial court's determination that the Mercedes was used or was intended to be used, directly or indirectly, to facilitate a violation of the Georgia Controlled Substances Act, OCGA § 16-13-20 et seq. Therefore, the trial court did not err in ordering the forfeiture of the Mercedes pursuant to OCGA § 16-13-49 (d) (2).

This Court's decision in *State of Ga. v. Hamm*, 193 Ga. App. 184 (387 SE2d 344) (1989), does not demand a different result. In *Hamm*, supra, this Court considered a forfeiture case under former OCGA § 16-13-49. Prior to its 1991 amendment, the statute did not allow forfeiture of a vehicle unless the vehicle was used or intended to be used to "transport, hold, conceal, or in any manner to facilitate the transportation" of contraband. See *Hamm*, supra at 184. Since there was no evidence that drugs were ever held or transported in the vehicle, the Court held that the vehicle was not subject to forfeiture. Even so, the Court specifically noted that, because defendant's vehicle transported the defendant to the site of illegal drug activity, "his vehicle was certainly used to facilitate the sale of the cocaine." Id. This Court later noted in *White*, supra, that under the amended statute, "[t]he current burden is considerably less, with the State only having to show that use of the subject property facilitated, or was intended to facilitate, a violation of the Georgia Controlled Substances Act." Id. at 877. Therefore, "had the current statute been in effect at the time *Hamm* was decided, forfeiture of the vehicle would have been in order." Id.[2]

---

[1] We note that the appellant failed to transmit to this Court the videotape viewed by the trial court or a complete transcript of the testimony given at the forfeiture hearing. "[T]he burden is upon the party challenging the legality of a decision to prove error by the record. [Cit.] The presumption is in favor of the regularity and legality of all proceedings in the court below. [Cit.] In the absence of anything to the contrary appearing we presume that the trial judge had before him proof demonstrating [such finding]." *Newton v. Newton*, 222 Ga. 175, 176 (2) (149 SE2d 128) (1966); see also *Jones v. State*, 226 Ga. App. 608 (487 SE2d 89) (1997); *Waddy v. Scottish Rite Children's Med. Center*, 221 Ga. App. 760, 762 (472 SE2d 702) (1996); *Mike's Garage Door Co. v. Dews*, 220 Ga. App. 648, 649 (469 SE2d 855) (1996); *Dept. of Human Resources v. Cowan*, 220 Ga. App. 230 (469 SE2d 384) (1996).

[2] See also *Lanier*, supra at 52 (holding that it was reasonable to conclude that a defendant intended to use a truck to facilitate the transportation of drugs, when the defendant

2. Appellants also challenge the finding by the trial court that the Mercedes is subject to forfeiture under OCGA § 16-13-49 (d) (6). We find that it is unnecessary to address this enumeration, as the ruling in Division 1, supra, is dispositive.

3. Appellant Naomi Bettis also asserts that the trial court erred in finding that she failed to present sufficient evidence to prevail on an "innocent owner" defense under OCGA § 16-13-49 (e). See also OCGA § 16-13-49 (a) (7). We disagree.

Once the State has made out a prima facie case for civil forfeiture of contraband, " '[t]he onus is then on the [defendant] to establish both his standing to contest the forfeiture and his entitlement to a statutory exception. (Cit.)' *Jackson v. State of Ga.*, 218 Ga. App. 437, 438 (461 SE2d 594) (1995)." *Howard*, supra at 323. Thus, in order to rebut the forfeiture as an innocent owner, Naomi Bettis had the burden of proof as an affirmative defense to establish that she has an ownership interest in the Mercedes. Id.; see also OCGA § 16-13-49 (a) (7), (e).

During the forfeiture hearing in this case, Naomi Bettis apparently testified about her asserted ownership interest in the Mercedes. However, no transcript of the testimony of either appellant appears in the record, and we are unable to review appellants' assertions regarding the evidence presented.

The only evidence of record that supports Naomi Bettis' assertion of ownership is contained in her deposition. During her deposition, Naomi Bettis claimed that the Mercedes was purchased for her by her brother, Carlos Bettis; that she later cashed some paychecks and paid him between $500 and $1,000 cash for the $20,000 automobile between February and April 1996, although she had no record of the payments; that the Mercedes was titled in the names of both appellants; and that she carried insurance on the Mercedes in her name only. However, the State elicited deposition testimony from Carlos Bettis that he drove the Mercedes at least once a week up until the day he was apprehended, and Naomi Bettis admitted that she rarely drove the Mercedes after acquiring another car in February 1996.

After considering this evidence, the trial court, as the trier of fact deciding the weight and credibility of the testimony, rejected Naomi Bettis' assertion of ownership.[3] The evidence available for review by

---

arrived at the site of drug activity in the truck and had no alternative means of leaving the site after obtaining the drugs).

[3] We note that Naomi Bettis may have been able to satisfy her burden of persuasion by submitting additional evidence of ownership to bolster her claim to the Mercedes, i.e., a certificate of title listing her as co-owner, a tag registration, a receipt for payments made to her brother, a bill of sale, or proof of insurance. See *Banks*, supra at 832 (the defendant's testi-

this Court supports the trial court's judgment. Therefore, such determination is not clearly erroneous and will not be disturbed on appeal.

*Judgment affirmed. Ruffin, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 11, 1997.

*Horatio O. Edmondson*, for appellants.

*J. Tom Morgan, District Attorney, Carol M. Kayser, Stephen D. Sencer, Assistant District Attorneys*, for appellee.

---

mony, supported by the certificate of title and other documentary evidence, proved that the sale of the property at issue was not a "sham").