A93A1929. ATKINS v. THE STATE.
(440 SE2d 476)

SMITH, Judge.

Gwendolyn Atkins was convicted of possession of methamphetamine with intent to distribute, OCGA § 16-13-30 (b), and possession of more than an ounce of marijuana, OCGA § 16-13-30 (j) (1).

The charges against Atkins resulted from the discovery of methamphetamine and marijuana during a search of her home executed pursuant to a no-knock search warrant. In her sole enumeration of error, Atkins contends her motion to suppress the contraband found in her home was erroneously denied because no probable cause existed for the issuance of the warrant.

The evidence at the hearing on the motion to suppress showed

that Robert H. Sowell of the Clayton County Sheriff's Department had presented an affidavit to a magistrate in support of his request for a warrant to search certain described premises in Clayton County. The evidence further showed that Sowell was an experienced law enforcement officer assigned to the Narcotics Unit of Clayton County as a special agent. His affidavit contained specific facts he alleged established probable cause to believe that a crime had been, or was being, committed at the described house.

Those facts consisted of the following: Within the 72 hours preceding the presentation of the affidavit, Sowell had been contacted by a confidential source Sowell considered a reliable informant. Sowell considered the source reliable because within the previous six months, the source had provided information that led to the seizure of controlled substances and drug arrests. After he contacted Sowell and within the previous 72 hours, the informant had been wired with a body bug and directed by law enforcement officers to participate in the controlled purchase of three-and-one-half grams of methamphetamine from one Calvin Hackler. This transaction took place at Hackler's home in Clayton County. When the informant arrived at Hackler's home, their conversation was recorded by the body bug. Hackler told the informant that he did not have the methamphetamine but would get it from a place a few blocks away. The informant gave Hackler $250, and Hackler left his house. Hackler was followed by law enforcement officers, including Sowell, to a nearby house while the informant remained at Hackler's home. Hackler was observed entering the other house. He stayed about five minutes before emerging. Officers then followed him directly back to his own home where he immediately gave the informant the methamphetamine. Sowell subsequently applied for a warrant to search the premises Hackler had visited during the controlled buy. Those premises proved to be the residence of Atkins. Sowell testified at the hearing that no other information was provided to the magistrate.

Relying solely on state law, Atkins argues that because neither the informant nor the officers saw what transpired in Atkins' home during Hackler's visit, and because Atkins' name was never mentioned during the conversation between the informant and Hackler, the information in the affidavit constituted only a mere suspicion that Atkins was involved in illegal drug activity and did not provide probable cause to issue the search warrant. We do not agree.

"In determining whether an affidavit sufficiently establishes the probable cause necessary for issuance of a warrant, we employ the 'totality of the circumstances' analysis enunciated in *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983), and adopted by [the Georgia Supreme Court] in *State v. Stephens*, 252 Ga. 181 (311 SE2d 823) (1984), with the admonition that 'Prudence counsels that

*Gates* be considered as the *outer limit* of probable cause.' [Cit.] Under that analysis, '(t)he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for . . . conclud(ing)' that probable cause existed. (Cit.)' [Cit.]" *Gary v. State*, 262 Ga. 573, 577 (422 SE2d 426) (1992).

The information in the affidavit in this case was supplied by an experienced law enforcement officer and an informant who had proved reliable in the past. The facts here differ markedly from those in *State v. Brown*, 186 Ga. App. 155 (366 SE2d 816) (1988), cited by Atkins. In *Brown*, the information was given to the police by an anonymous tipster, and no facts establishing the informant's reliability were presented to the magistrate. In addition, in *Brown* the affiant and his partner had observed only that "numerous" people, who were unnamed but had been seen by the affiant's partner "in drug areas," visited the premises for short periods of time and received small manila envelopes in exchange for cash. Id. at 158.

In contrast, the affiant in this case presented facts clearly establishing the informant's reliability; the affiant personally heard a conversation in which a named person who sold the informant illegal drugs told the informant he would obtain those drugs at a place nearby; and the affiant personally followed that named person to the location named in the affidavit, which proved to be Atkins' home, after which the affiant followed that named person back to the location where the sale then immediately took place. Applying the standard cited in *Gary*, supra, to the affidavit in this case, we hold that the information in the affidavit was "more than a casual rumor," *State v. Alonso*, 159 Ga. App. 242, 243 (283 SE2d 57) (1981), and provided the issuing magistrate with a substantial basis for concluding that probable cause existed to believe contraband would be found at Atkins' home. The trial court did not err in denying Atkins' motion to suppress.

*Judgment affirmed. Beasley, P. J., and Cooper, J., concur.*

DECIDED JANUARY 5, 1994 —
RECONSIDERATION DENIED JANUARY 25, 1994 —

*Jim B. Sullivan*, for appellant.
*Robert E. Keller, District Attorney, Mary D. Hanks, Assistant*

*District Attorney*, for appellee.