A00A2448. JONES v. STATE OF GEORGIA.
(547 SE2d 725)

SMITH, Presiding Judge.

This case arises out of the trial court's entry of judgment against Bruce Jones in a civil forfeiture proceeding. Jones appeals from the denial of his motion for new trial. We find no merit in any of Jones's contentions, and we affirm the judgment of the trial court.

The State introduced evidence that a confidential informant purchased suspected crack cocaine from Jones on three occasions between August 16 and August 23, 1999. Detective J. L. Maxwell, who had been employed with the Fulton County Police Department for 28 years and who had served in the Special Operations Section for 12 years, testified that on August 16, he met with the informant and searched him. The informant was then observed by detectives as he traveled to a designated meeting point. Maxwell stated that he observed an exchange occur between the informant and Jones, who was driving a black 1994 Chevrolet Impala, in the parking lot of an Amoco Station at 5000 Roosevelt Highway. The substance obtained by the informant was taken to the police department.

The second incident occurred in much the same manner, on August 20, with Maxwell searching the informant and providing him with money to make a purchase. He stated that the informant was observed going to a designated meeting place, the parking lot of a grocery store and gas station located at 4410 Roosevelt Highway, and making an exchange with Jones, who had not been fully identified after the first transaction. On that occasion, Jones was driving a blue 1971 Chevrolet Impala. According to Maxwell, the informant returned with the cocaine, which was taken to the police department.

Maxwell testified that on August 23, Jones was observed leaving his residence and was followed to the same parking lot where the second transaction had occurred. He stated that Jones, driving a red "antique" Chevrolet Impala, made no stops after leaving his home before reaching the delivery point and meeting with the informant. Maxwell testified that "[a] transaction took place; and the same procedure as before, the drugs were transported back to the south precinct." Before this final exchange, Jones was stopped for driving with a defective taillight, and Maxwell verified Jones's identity by obtaining a copy of the citation issued to Jones.

Following the third transaction, Maxwell sought and obtained a search warrant for Jones's residence. On September 8, Maxwell and other officers placed the residence under surveillance and observed Jones and another individual, Eldred Owens, arrive in a car. Approximately five minutes later, the officers executed the search warrant. Inside the residence they found a quantity of cocaine, several bags of suspected crack cocaine, six loaded firearms, and cash in the amount of $5,598. On Owens's person the officers discovered four bags containing a white powdery substance.

The State filed a complaint naming Owens and Jones as claimants and seeking forfeiture of four automobiles, several firearms, a camcorder, and a camera. Following the presentation of evidence and argument, the trial court found in favor of Owens. But with respect to Jones, the court stated that it was "going to find on behalf of the

[S]tate." The trial court then entered a judgment ordering forfeiture of all of the items listed in the complaint, with the exception of one vehicle. Following the denial of Jones's motion for new trial, this appeal ensued.

1. We first address Jones's contention that the search warrant was not supported by probable cause and therefore that the trial court should have granted his motion to suppress the evidence found inside his residence. The affidavit in support of the warrant recited in part:

> Within the past fourteen days a confidential and reliable informant, here after [sic] referred to as the C.I., told the affiant that a subject known as "Little Bru" was selling cocaine from his residence as well as from his vehicles. The C.I. said that "Little Bru" would deliver cocaine in one of his vehicles to certain people that contacted him by telephone. Within the past ten days the affiant observed a black male identified as "Little Bru" meet subjects at different locations and make an exchange. On more than one occasion the exchange was made with a C.I. using funds provided by the affiant. "Little Bru" was observed by members of the Fulton County Police Department's Special Operations Section leaving his residence located at 325 Wolf Downs Way, College Park, Ga. 30349. He was followed to the location of the C.I. without making any other stop or having contact with anyone else. "Little Bru" then delivered a quantity of cocaine to the C.I. This incident occurred within the past seven days.

The affidavit further recited that the informant had "proven to be reliable in the past by providing information which resulted in the seizure of illegal drugs, weapons, and the arrest of more than four people for violating the Georgia Controlled Substances Act." Based on these circumstances, Maxwell stated in the affidavit that he believed cocaine was being stored at and sold from the residence identified in the affidavit.

In determining whether an affidavit provides sufficient probable cause for issuance of a search warrant, a magistrate must simply

> make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply

to ensure that the magistrate had a substantial basis for concluding that probable cause existed.

(Citations and punctuation omitted.) *Atkins v. State*, 211 Ga. App. 712, 714 (440 SE2d 476) (1994). On appeal, we give "substantial deference" to the magistrate's decision to issue the warrant, and we construe the evidence in favor of the court's decision that probable cause existed. *Roberson v. State*, 246 Ga. App. 534, 535 (1) (540 SE2d 688) (2000).

So construing the evidence here, we find no error in the trial court's denial of Jones's motion to suppress. It is true that Maxwell admitted at trial that the informant had not told him that he had been inside the residence whose address was listed on the affidavit. But we cannot conclude that this one fact requires a finding that probable cause to issue a warrant was lacking. Maxwell was an experienced law enforcement officer who testified in his affidavit that the confidential informant had been reliable in the past and had provided information leading to the arrests of at least four people. Furthermore, the affidavit indicated that the information given by the informant had been corroborated to some extent. Maxwell stated in the affidavit that he had observed "Little Bru" making several exchanges, some of which involved funds provided by Maxwell, with individuals at different locations. Also according to the affidavit, "Little Bru" was observed by law enforcement officers leaving his residence and traveling directly to a location where he made an exchange involving suspected cocaine with the informant.

Under these circumstances, in which some evidence of the veracity and reliability of the informant was presented and in which information supplied by the informant was corroborated by Maxwell, we conclude that the affidavit constituted "more than a casual rumor and provided the issuing magistrate with a substantial basis for concluding that probable cause existed to believe contraband would be found at [Jones's] home." (Citation and punctuation omitted.) *Atkins*, supra, 211 Ga. App. at 714. The trial court did not err in denying Jones's motion to suppress.

2. Jones contends the trial court failed to make certain findings concerning the excessiveness of the forfeiture under the Eighth Amendment, as required by *Thorp v. State of Ga.*, 264 Ga. 712 (450 SE2d 416) (1994). But Jones did not raise any issue concerning excessiveness in the trial court and therefore has waived appellate review. We will not consider errors, even those of constitutional magnitude, unless they were raised and ruled on in the trial court. See, e.g., *Senase v. State*, 258 Ga. 592 (372 SE2d 813) (1988); *Duitsman v. State*, 212 Ga. App. 348, 349 (2) (441 SE2d 888) (1994).

3. Jones also argues that his vehicles should not have been

seized because the State failed to prove that the alleged contraband sold from the vehicles to the confidential informant was a controlled substance. The State sought forfeiture of the vehicles under OCGA § 16-13-49 (d) (2) on the ground that the vehicles were "used to deliver contraband for sale." Jones correctly argues that the State did not introduce evidence positively identifying as cocaine the alleged contraband sold from the vehicles. Indeed, as argued by Jones, "[t]he alleged contraband obtained during the transactions was not tested, identified, or introduced during the trial below."

But this fact is not controlling on the issue here. "A forfeiture action is a *civil* proceeding. The State, as plaintiff, was required to prove its case by a preponderance of the evidence rather than by the higher burden of proof applicable to criminal cases." (Citations and punctuation omitted; emphasis in original.) *Bettis v. State of Ga.*, 228 Ga. App. 120, 121 (491 SE2d 155) (1997). The trial court in this case sat as the factfinder, and we will not disturb its findings unless they were clearly erroneous. Id. And a trial court's findings of fact "are not clearly erroneous if there is any evidence to support them." (Citation and punctuation omitted.) Id. This is true where, as here, "such findings are based upon circumstantial evidence and the reasonable inferences which flow therefrom." (Citations and punctuation omitted.) Id.

The State did introduce evidence that over an approximate one-week period of time, Jones was involved in three controlled buys of suspected cocaine from three vehicles — two older model Chevrolets and one 1994 Chevrolet. With respect to one of the buys, Jones was observed leaving his home, driving to the site of the transaction, and completing the transaction with the informant. And during the search of his residence, a hidden quantity of cocaine was discovered, along with several guns and $5,598 cash. A reasonable inference exists that the vehicles were used to transport cocaine from Jones's home — where cocaine was discovered — to the sites of the transactions involving the controlled buys. Jones submitted no evidence refuting that introduced by the State. We have stated that the forfeiture statute "must be liberally construed to effectuate its remedial purposes, i.e., balancing the prompt disposition of property subject to forfeiture with the protection of the property interests of innocent owners. [Cits.]" (Punctuation omitted.) *Bettis*, supra, 228 Ga. App. at 121-122 (1). But even construing the forfeiture statute strictly, as argued by Jones, see *State of Ga. v. Foote*, 225 Ga. App. 222 (1) (483 SE2d 628) (1997), we cannot conclude that the State failed to show by a preponderance of the evidence that Jones used the vehicles to facilitate the three drug transactions. The trial court did not err in ordering forfeiture of the vehicles.

We note that *White v. State of Ga.*, 264 Ga. 547 (448 SE2d 354)

(1994), cited by Jones, does not require a different result. In that case, the Supreme Court concluded that forfeiture was inappropriate because it was undisputed that the substance purchased by the defendant and transported in his truck was counterfeit cocaine. Here, undisputed evidence was presented supporting the inference that Jones used his vehicles to transport and sell cocaine to the confidential informant.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED APRIL 10, 2001.

*Lawson & Thornton, Charles S. Thornton,* for appellant.
*Paul L. Howard, Jr., District Attorney, George W. K. Snyder, Jr., Assistant District Attorney,* for appellee.