A08A2042. THE STATE v. ALVIN.

(674 SE2d 348)

BERNES, Judge.

The state appeals from the trial court's decision granting Dewayne Deon Alvin's motion to suppress drug and weapon evidence seized during the execution of a search warrant at Alvin's residence. In granting the motion, the trial court concluded that there was no probable cause for the issuance of the warrant to search Alvin's residence. We disagree and reverse.

At the hearing on the motion to suppress, the parties stipulated that the motion would be determined solely based upon the "four corners" of the affidavit, its attachments, and the warrant. The trial court therefore did not receive any testimony from witnesses and the evidence presented was undisputed. "Where the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review." (Citation and punctuation omitted.) *Campbell v. State*, 263 Ga. App. 755, 755-756 (589 SE2d 313) (2003).

So viewed, the record shows that a certified police officer assigned to the Glynn/Brunswick Narcotics Enforcement Team submitted to the magistrate judge the affidavit in support of the search warrant. In the affidavit, the officer attested, in pertinent part, that he had been contacted by a confidential informant, who stated that Alvin, also known as "Scoop," had been selling illegal drugs. During an investigation, the officers identified Alvin, located

his residence, and set up a controlled buy with the confidential informant. Before the buy, the officers searched the confidential informant and his vehicle, and confirmed that he had no weapons, drugs, or large sums of money. The officers then gave the confidential informant money to purchase drugs during the controlled buy.

The investigating officers conducted surveillance at Alvin's residence and also maintained constant surveillance of the confidential informant prior to the controlled buy. During the surveillance, Alvin was observed arriving at his residence and then departing after a brief amount of time. When Alvin left the residence, the officers followed him to the predetermined location of the controlled buy and observed him complete the drug transaction with the confidential informant. After the controlled buy, the confidential informant gave the officers the drugs that had been purchased during the transaction. Field testing established that the drug purchased was marijuana.

Based upon this information, the officer sought and obtained a warrant from the magistrate to search Alvin's residence, premises, vehicles, outbuildings, and person. During execution of the search warrant, the officers seized bags containing marijuana, digital scales, an assault rifle, ammunition, and cash from Alvin's residence.[1]

After Alvin was charged with possession of marijuana with intent to distribute and possession of a firearm during the commission of a crime, he filed a motion to suppress the seized contraband evidence. The trial court granted Alvin's motion as to the search of the residence, finding that the affidavit for the search warrant failed to provide information linking the drug activity to Alvin's residence. We disagree with the trial court's conclusion.

> In determining whether an affidavit provides sufficient probable cause for issuance of a search warrant, a magistrate must simply make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed. On appeal, we give substantial deference to the magistrate's decision to issue the warrant, and we construe the evidence in favor of the court's decision that probable cause existed.

---

[1] The officers also found cash during the search of Alvin's person, with a handgun and ammunition during the search of Alvin's vehicle.

(Citations and punctuation omitted.) *Jones v. State*, 249 Ga. App. 64, 66-67 (1) (547 SE2d 725) (2001).

According to the warrant affidavit submitted in this case, the evidence of Alvin's drug activity included Alvin's actions of briefly going to his residence immediately before traveling to the location of the controlled buy. And, significantly, the evidence did not reflect that Alvin made any additional stops or had contact with any other individual after leaving his residence and arriving at the controlled buy. Therefore, the evidence of Alvin's actions and the circumstances presented authorized a finding that Alvin may have stored the drug contraband at his residence and retrieved the drugs from that location before delivering them to the confidential informant at the controlled buy.[2] In this regard, the circumstances presented in this case are similar to those presented in *Jones*, 249 Ga. App. at 65-67 (1), where we held that the issuing magistrate had a substantial basis for concluding that there was a fair probability contraband was stored and would be found at the defendant's residence, notwithstanding the fact that the controlled buys occurred at locations away from the residence. Id. Based upon our holding in *Jones*, we likewise must conclude that there was probable cause for the issuance of the search warrant for Alvin's residence in this case.

To establish probable cause for the issuance of a search warrant, the officers were not required to see drugs at the residence. "Probable cause does not demand the certainty we associate with formal trials." (Citation and punctuation omitted.) *State v. Stephens*, 252 Ga. 181, 184 (311 SE2d 823) (1984). Rather, the issuing magistrate need only conclude that there is a "fair probability that contraband or evidence of a crime will be found in a particular place." (Citation and punctuation omitted.) Id. Here, the affidavit contained sufficient facts that enabled the magistrate to make an independent determination that probable cause existed for the issuance of the search warrant of Alvin's residence. The trial court thus erred in granting Alvin's motion to suppress.

*Judgment reversed. Andrews, P. J., and Doyle, J., concur.*

DECIDED FEBRUARY 20, 2009 —
RECONSIDERATION DENIED MARCH 4, 2009

---

[2] We note that the affidavit also stated that the officer had learned that Alvin stored narcotics at his residence, but failed to provide any information in support of the conclusory statement. Because wholly conclusory statements are inadequate to provide a substantial basis for determining the existence of probable cause for the issuance of a warrant, this statement alone was not sufficient to provide a basis for the warrant to search the residence. See generally *Pailette v. State*, 232 Ga. App. 274, 277 (501 SE2d 603) (1998).

*Stephen D. Kelley, District Attorney, David A. Peterson, Assistant District Attorney*, for appellant.
    *James A. Yancey, Jr.*, for appellee.