A09A1248. WEBB et al. v. STATE OF GEORGIA.
(684 SE2d 115)

ANDREWS, Presiding Judge.

Decendr'ee and Reginald Webb appeal following a bench trial in this civil forfeiture action. Decendr'ee Webb claimed that she was the owner of the 1975 Chevrolet truck and $13,050 seized from her husband Reginald Webb after he was arrested for drug violations. Because Ms. Webb did not show that she was an "innocent owner" under OCGA § 16-13-49 (e) (1) (A) and because the Webbs' other enumerations of error are without merit, we affirm.

Construed to support the judgment,[1] the evidence at the forfeiture hearing was that Reginald Webb used the money and the truck in a drug buy that was set up with a confidential informant. There was testimony that narcotics agents met with a confidential informant who told them that Reginald Webb wanted to buy "half a kilo" of cocaine from him. The agents recorded several phone calls between Webb and the confidential informant setting up a time and place for the drug buy. Agents stopped Reginald Webb just before he arrived at the agreed-upon meeting place.

After being stopped, Reginald Webb immediately called his wife and she arrived at the scene a short time later. After drug dogs alerted to both vehicles driven by the Webbs, the officers searched the vehicles. They found a loaded 9 millimeter handgun beneath the driver's seat and a safe containing $13,050 in the front passenger compartment of the pickup truck that Reginald Webb was driving.

Officers then arrested Reginald Webb. When questioned, Decendr'ee Webb told officers that the handgun was hers and the money in the safe was a gift from Reginald Webb's father.

The State filed a complaint for forfeiture of the pickup truck and the money. Decendr'ee Webb answered and claimed that she was the sole owner of the truck and the money. Following a hearing, the court

---

[1] *Davis v. State of Ga.,* 256 Ga. App. 299 (568 SE2d 161) (2002).

entered a judgment of forfeiture and this appeal followed.

> Under the drug forfeiture statute, [OCGA § 16-13-49,] property subject to forfeiture includes that which is, directly or indirectly, used or intended for use in any manner to facilitate a violation of the drug laws or any proceeds derived or realized therefrom. [OCGA § 16-13-49 (d) (2).] Property may be seized without process under certain circumstances, including if there is probable cause to believe that the property is subject to forfeiture. [OCGA § 16-13-49 (g) (2).]

(Citation and punctuation omitted.) *Edwards v. State of Ga.*, 290 Ga. App. 467, 469 (659 SE2d 852) (2008).

> Following seizure of the property and public notice thereof, the State may file a verified complaint in rem; such a complaint must describe the property with reasonable particularity, identify the present custodian of the property, allege the essential elements of the alleged violation leading to the seizure, and fulfill other pleading requirements. OCGA § 16-13-49 (o) (1). Once the State presents a prima facie case for forfeiture in its pleadings, the burden then shifts to the claimant to establish both his standing to contest the forfeiture and his entitlement to a statutory exception.

(Citations omitted.) Id.

1. In this case, the property was subject to forfeiture under OCGA § 16-13-49 (d) (2) as property that was used to facilitate a drug buy. The burden of proof then shifted to Decendr'ee Webb to show that she was an innocent owner. The innocent owner provision of the forfeiture statute, OCGA § 16-13-49 (e) (1), provides:

> (e) (1) A property interest shall not be subject to forfeiture under this Code section if the owner of such interest or interest holder establishes that the owner or interest holder:
> (A) Is not legally accountable for the conduct giving rise to its forfeiture, did not consent to it, and did not know and could not reasonably have known of the conduct or that it was likely to occur;
> (B) Had not acquired and did not stand to acquire substantial proceeds from the conduct giving rise to its

forfeiture other than as an interest holder in an arm's length commercial transaction;

(C) With respect to conveyances for transportation only, did not hold the property jointly, in common, or in community with a person whose conduct gave rise to its forfeiture;

(D) Does not hold the property for the benefit of or as nominee for any person whose conduct gave rise to its forfeiture, and, if the owner or interest holder acquired the interest through any such person, the owner or interest holder acquired it as a bona fide purchaser for value without knowingly taking part in an illegal transaction. . . .

The trial court determined that Decendr'ee Webb had not shown that the money and truck were hers, but rather that it was family money and a family truck. This Court "will not reverse the trial court's findings of fact if any evidence exists to support them." *Davis v. State of Ga.*, supra at 304.

As to the money seized, the evidence below was that Ms. Webb first told officers that the $13,050 had been given to Reginald Webb by his father to help the Webbs move. Ms. Webb's testimony at the hearing was that the money was mostly hers and was money she had saved from her various jobs. But she also testified that Reginald Webb "gave some," of the money and it was to be used "for the house and the land."

With regard to the pickup truck, the evidence was that, although the truck was titled in Decendr'ee Webb's name, both Decendr'ee and Reginald Webb drove it. Reginald Webb's mother testified that he drove all of the vehicles, including the truck, and Decendr'ee Webb testified that Reginald drove the truck to take away trash.

Accordingly, there was some evidence that either the money was given solely to Reginald Webb or it belonged jointly to him and his wife. There was also evidence that the pickup truck, although titled in Decendr'ee's name, was held jointly by husband and wife. Therefore, the trial court did not err in concluding that Decendr'ee Webb had not carried her burden of showing that she was an innocent owner under OCGA § 16-13-49 (e) (1) (A).

2. The Webbs also contend that the trial court failed to make findings of fact and conclusions of law on whether the forfeiture amounted to an "excessive fine" under the Eighth Amendment. This enumeration fails because the Webbs never raised this claim below. *Jones v. State of Ga.*, 249 Ga. App. 64, 67 (547 SE2d 725) (2001).

3. In their last enumeration of error, the Webbs contend that the trial court erred in allowing into evidence the phone recordings of the conversations between the confidential informant and Reginald Webb without the informant's presence at trial, thus depriving the

Webbs of their right to confront and cross-examine the informant.

This enumeration fails for several reasons. First, the Webbs did not challenge the admissibility of this evidence at trial. Secondly, Webb admitted that he took part in at least some of the telephone conversations. Finally, an officer was present when the phone calls were made to Reginald Webb's cell phone, the calls were made on a speaker phone, the officer heard both sides of the conversation, and this officer was present at trial to authenticate the recorded conversation. The Webbs having come forward with no argument or authority on point to the contrary, we conclude that this enumeration of error is totally without merit.

*Judgment affirmed. Miller, C. J., and Barnes, J., concur.*

DECIDED SEPTEMBER 3, 2009.

*Ashley W. McLaughlin*, for appellants.
*Timothy G. Vaughn, District Attorney, Jason O. Waters, Assistant District Attorney*, for appellee.