### A10A1206. SUMNER v. STATE OF GEORGIA.
(701 SE2d 585)

MILLER, Chief Judge.

Geneva M. Sumner appeals from an order granting forfeiture of a 2002 Cadillac seized after her son, Jarvis Clark, was stopped for traffic violations and subsequently arrested and charged with violations of the Georgia Controlled Substances Act (OCGA § 16-13-30 (a) and (b)). Sumner filed an answer, which she later amended,[1] asserting an innocent owner defense under OCGA § 16-13-49 (e). After a bench trial, the trial court forfeited the vehicle to the State. Sumner appeals, arguing that the trial court erred (i) in applying an improper standard of proof when it determined that the State met its initial burden of showing the property was subject to forfeiture; (ii) in finding that the presence of Jarvis' personal property in the vehicle supported the conclusions of the trial court; and (iii) in finding that she knew or could have reasonably known about her son's drug activities based upon her knowledge of his prior arrest for marijuana possession. Finding that Sumner failed to carry her burden of showing that she was an innocent owner, we affirm.

"On appeal, the trial court's findings of fact will not be reversed unless clearly erroneous, and due regard must be given to the trial court's opportunity to judge the credibility of the witnesses who appeared before it." (Citation omitted.) *Mitchell v. State of Ga.*, 236 Ga. App. 335, 337 (2) (511 SE2d 880) (1999).

The record shows that on July 13, 2009, Special Operations Agent Scott McDaniel of the Spalding County Sheriff's Office was traveling on Interstate 75 when he observed a black Cadillac with a possible window tint violation, cross over the fog line and change lanes without using a turn signal. He stopped the vehicle driven by Jarvis, and noticed an odor of green marijuana coming from the vehicle. When the officer asked Jarvis whether there was anything illegal in the vehicle, Jarvis asked, "if there was something small in the vehicle, would [the officer] let him go?" When the officer inquired if it was a joint, Jarvis admitted that a "small" joint was in the car. The officer asked Jarvis for consent to search the vehicle, to

---

[1] Due to the fact that the answer lacked a verification (OCGA § 16-13-49 (o) (3)), the trial court dismissed the answer and entered a judgment of forfeiture. It later granted Sumner's motion to reconsider and allowed Sumner to file an amended answer to correct the defect and proceeded to hear the matter on the merits.

which Jarvis agreed. A search of the vehicle revealed approximately 17.6 ounces of suspected marijuana and a heat sealed bag in a locked glove box, and a marijuana cigarette. Personal mail addressed to Jarvis, clothing and other personal effects belonging to him were found in the vehicle, including photographs of Jarvis and a female. Custom rims were on the vehicle, and an extensive speaker system occupied the entire trunk. Two service orders reflecting Jarvis's purchase of tires and vehicle service were also found therein. Jarvis told the officer that he had owned the vehicle for a couple of years, but that the vehicle was in his mother's name. When the officer called Sumner at Jarvis's request to advise that Jarvis was being arrested and the vehicle was subject to forfeiture, Sumner stated that the vehicle was in her name.

Sumner testified that Jarvis had borrowed her car for the weekend to attend a family reunion in South Carolina, but she was unaware that he had installed a sizable speaker system in the trunk. She had knowledge that her son had a prior arrest for marijuana possession, but stated that the crime did not occur in her car but in another vehicle he borrowed.

In its judgment of forfeiture, the trial court found that

the . . . property was used to facilitate a drug transaction involving more than four ounces of marijuana and/or found in close proximity to more than four ounces of marijuana on July 13, 2009 . . . thereby subjecting said property to forfeiture to the State of Georgia pursuant to OCGA § 16-13-49 . . . [b]y a preponderance of the evidence[:] [Sumner] failed to establish that the property is not subject to forfeiture; . . . that she is an "innocent owner" as defined in OCGA § 16-13-49 . . . *it is established that [Sumner] knew or could have reasonably known of the conduct giving rise to the forfeiture . . . [and] that [Sumner] held said property jointly, in common, and in community with [Jarvis,] . . . whose conduct gave rise to the forfeiture.*

(Emphasis supplied.) As such, the trial court entered a judgment of forfeiture and order of distribution on the State's complaint in rem for forfeiture of the Cadillac.

1. Sumner contends that the trial court applied an incorrect standard of proof when it determined that the State met its initial burden of showing the vehicle was subject to forfeiture. We disagree.

"In a condemnation action, once the State has presented a prima facie case for forfeiture, the claimant has the burden of establishing by a preponderance of the evidence that she is an innocent owner." (Punctuation and footnote omitted.) *Love v. State of Ga.*, 281 Ga.

App. 664, 665 (1) (637 SE2d 81) (2006).

Here, the State produced evidence that 17.6 ounces of marijuana and a blunt were found in the vehicle. As such, there was evidence to support the trial court's finding that

> the . . . property was used to facilitate a drug transaction involving more than four ounces of marijuana and/or found in close proximity to more than four ounces of marijuana on July 13, 2009 . . . thereby subjecting said property to forfeiture to the State of Georgia pursuant to OCGA § 16-13-49.

OCGA § 16-13-49 (d) (2), (6). As such, we find no error.

2. Sumner argues that the presence of her son's personal property in the vehicle did not support the trial court's conclusion that she held the vehicle "jointly, in common, or in community with [Jarvis]." We disagree.

In her answer, Sumner alleged that she is the sole owner of the Cadillac, but the vehicle is not subject to forfeiture as she "[i]s not legally accountable for the conduct giving rise to the forfeiture, did not consent to it, and did not know and could not reasonably have known of the conduct or that it was likely to occur." OCGA § 16-13-49 (e) (1) (A). As such, the burden shifted to Sumner to establish by a preponderance of the evidence that she:

> (A) Is not legally accountable for the conduct giving rise to its forfeiture, did not consent to it, and did not know and could not reasonably have known of the conduct or that it was likely to occur;
>
> (B) Had not acquired and did not stand to acquire substantial proceeds from the conduct giving rise to its forfeiture other than as an interest holder in an arm's length commercial transaction;
>
> (C) With respect to conveyances for transportation only, did not hold the property jointly, in common, or in community with a person whose conduct gave rise to its forfeiture;
>
> (D) Does not hold the property for the benefit of or as nominee for any person whose conduct gave rise to its forfeiture . . . ; and
>
> (E) Acquired the interest . . . (b)efore the completion of the conduct giving rise to its forfeiture. . . .

OCGA § 16-13-49 (e) (1); *Love*, supra, 281 Ga. App. at 665 (1). See also *Webb v. State of Ga.*, 300 Ga. App. 29, 30 (1) (684 SE2d 115) (2009) (after State produced evidence that property was used to

facilitate a drug buy, the burden of proof shifted to Webb to show that she was an innocent owner under OCGA § 16-13-49 (e)).

While Sumner produced evidence that she was the title owner of the vehicle and had allowed her son to use it for the weekend, the evidence supported the trial court's findings that Sumner held the vehicle "jointly, in common, or in community" with her son based on their shared ownership and use of the vehicle. As noted by Black's Law Dictionary, "joint," when used to define a thing, such as a vehicle, means "common to or shared by two or more persons or entities." Black's Law Dictionary, p. 854 (8th ed., 2004). The word "community" means "[j]oint ownership, possession, or participation." Id. at p. 297.

Here, Jarvis installed a "boom box" in the trunk of the vehicle, which occupied the entire trunk; he installed custom tires and rims on the vehicle, which Sumner admitted belonged to Jarvis, but she kept them because she needed new tires; he painted the vehicle a few days before his arrest; and Jarvis's personal effects were in the vehicle, including several photographs of him and a female, an insurance binder in his name, and a brush. Jarvis's admission that he owned the vehicle for a couple of years and his "life earnings and savings went in to [the Cadillac]" also supports the trial court's findings.

Given the foregoing, the trial court was authorized to reject Sumner's claim of sole innocent ownership and conclude that Sumner held the Cadillac "jointly, in common, and in community with [Jarvis]." *Webb*, supra, 300 Ga. App. at 31 (1) (trial court rejected mother's innocent owner claim where evidence showed that money belonged to mother and was given to her by son, and despite the fact that truck was titled in mother's name, both mother and son drove it); *Mitchell*, supra, 236 Ga. App. at 336-338 (2) (notwithstanding third party's claim of ownership, evidence supported trial court's finding that defendant was true owner of vehicle). Based on the foregoing, the trial court did not clearly err in forfeiting the vehicle to the State.

3. In light of our disposition in Division 1, supra, we need not reach Sumner's claim that the trial court erred in concluding that she knew or could have reasonably known about her son's drug activities based upon her knowledge of his prior arrest for marijuana possession.

*Judgment affirmed. Phipps, P. J., and Johnson, J., concur.*

DECIDED SEPTEMBER 17, 2010.

*J. Alexander Johnson, Graham F. Floyd*, for appellant.

144

*Scott L. Ballard, District Attorney, Benjamin D. Coker, Robert W. Smith, Jr., Assistant District Attorneys*, for appellee.