## S11A0228. MARLOW v. THE STATE.

(707 SE2d 95)

MELTON, Justice.

Following a jury trial, Shannon Alan Marlow appeals his convictions for malice murder, felony murder, aggravated assault, and theft by receiving stolen property, contending that the trial court erred by failing to suppress certain evidence.[1] We affirm.

1. In the light most favorable to the verdict, the record shows that, on February 14, 2008, police went to the home of Patricia Rabold based on an anonymous tip that they would find Marlow, who had two prior arrest warrants pending against him. When police arrived, they knocked on the front door, and they witnessed an unidentified male come to an upstairs window, look outside, and then retreat into the interior of the house.[2] Despite repeated knocking, Marlow, who was in the home, did not answer the door. While outside, police noticed a

---

[1] On May 14, 2008, Marlow was indicted for murder, felony murder, aggravated assault, and theft by receiving stolen property. Following a jury trial, Marlow was found guilty of all counts on June 18, 2009, and he was sentenced to life imprisonment for murder and ten consecutive years for theft by receiving stolen property. The trial court merged the aggravated assault count into the felony murder count, and the felony murder count was vacated by operation of law. See *Malcolm v. State*, 263 Ga. 369 (4) (434 SE2d 479) (1993). Marlow filed a motion for new trial on June 23, 2009 and amended it on July 16, 2010. The trial court denied the motion on July 20, 2010. Marlow's notice of appeal was filed on August 12, 2010, and his case, which has been submitted for decision on the briefs, was docketed to the January 2011 term of this Court.

[2] Officers testified that, while the person's appearance was consistent with a photo they had of Marlow, they could not make a positive identification.

vehicle parked suspiciously in the driveway of the house,[3] and, after running the tag, police discovered that the car had been stolen following the burglary of its owner's home. Officers assumed that the keys to the stolen vehicle were in the residence because the car was locked, its alarm was activated, and a person inside the residence was refusing to come to the door.[4] Police then related this information to a magistrate, who issued a search warrant to enter the home to find the stolen keys and arrest Marlow if he was in the house. Upon entering the home, police found Rabold's body on the floor. Rabold had been struck numerous times in the head by an axe. At that point, police exited the house, and the SWAT team was called in to secure the premises and find Marlow. Marlow was ultimately discovered hiding in the attic. Upon questioning, Marlow admitted to killing Rabold, stealing the car, and burglarizing the home of the car's owner. Later search warrants revealed stolen property in Rabold's home.

This evidence was sufficient to enable the jury to find Marlow guilty of the crimes for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Marlow contends that the warrant issued to search Rabold's home for stolen car keys was not supported by probable cause and that the trial court erred by denying his motion to suppress all evidence obtained following the execution of this warrant. Specifically, Marlow maintains that there was no nexus between the stolen car and Rabold's home. We disagree.

In general,

> a reviewing court will pay substantial deference to a search warrant finding probable cause issued by a magistrate. *Williams v. State*, 251 Ga. 749, 795 (312 SE2d 40) (1983). An officer's inference that items sought will be at the place to be searched requires no more than "a fair presumption" to be reasonable. *Murphy v. State*, 238 Ga. 725, 727-728 (234 SE2d 911) (1977).

*McClain v. State*, 267 Ga. 378, 388-389 (11) (477 SE2d 814) (1996). After discovering the stolen car parked at Rabold's home, police reasonably inferred that the keys had been removed from the car and taken inside because the car was locked and its alarm was activated. Based on this information, a search warrant was properly issued to

---

[3] The car had been backed into the driveway so that its tag was not visible from the street.

[4] The officers initially phoned the magistrate's office to ask whether they had probable cause to obtain a warrant based solely on their sighting of the as-yet unidentified male in the home.

enter the home to search for the keys. These facts alone provided the magistrate with "a substantial basis for . . . concluding that a search would uncover evidence of wrongdoing." (Punctuation omitted.) *Illinois v. Gates*, 462 U. S. 213, 236 (III) (103 SC 2317, 76 LE2d 527) (1983).[5] In addition, the magistrate was presented with evidence that Marlow had been reported to be staying at Rabold's home, that a white male had been observed retreating into the house, and that this person would not respond to officers. All of this evidence supported a finding of probable cause supporting the warrant in issue to search Rabold's home for the stolen car keys. Id.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 7, 2011.

*John R. Burdges*, for appellant.

*Daniel J. Porter, District Attorney, Margaret B. Benson, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Jason C. Fisher, Assistant Attorney General*, for appellee.

---

[5] The record shows that the magistrate received both written and oral testimony from the police officer who requested the search warrant.