**FIFTH DIVISION
MCFADDEN, P. J.,
BRANCH and BETHEL, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**February 20, 2018**

# In the Court of Appeals of Georgia

A17A1883. BRISCOE v. THE STATE.

McFADDEN, Presiding Judge.

After a jury trial, Derrick Briscoe was convicted of possession of cocaine with intent to distribute as a lesser included offense of cocaine trafficking. He appeals, arguing that the trial court erred in denying his motion to suppress. We disagree because the search warrant affidavit was corroborated by a controlled buy, the information in the warrant affidavit provided a sufficient nexus to Briscoe's apartment, and the information was not impermissibly stale. Briscoe also argues that he received ineffective assistance of counsel. But he has not shown both deficient performance and prejudice. So we affirm.

1. *Facts*.

Viewed in the light most favorable to the verdict, *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979), the evidence shows that law enforcement officers executed a search warrant on Briscoe's apartment and found a large bag of cocaine, more than a dozen bags of cocaine packaged into small amounts for sale, thousands of dollars of cash, a digital scale with cocaine residue on its surface, packaging material, "cut material" used to dilute the drug, and "tally sheets" used to keep track of money owed. The officers found Briscoe in a bedroom closet. After he was handcuffed, Briscoe asked, "Did I sell to an undercover?" When a detective asked if the cocaine was his, Briscoe responded affirmatively.

Briscoe was charged with cocaine trafficking and obstruction of an officer for his behavior during the execution of the search warrant. A jury found him guilty of possession of cocaine with intent to distribute as a lesser included offense and not guilty of obstruction of an officer; he was sentenced on the possession charge. Briscoe now appeals the denial of his motion for new trial.

2. *Motion to suppress.*

Briscoe argues that the trial court erred by denying his motion to suppress items seized from his apartment for three reasons: the detective who obtained the search warrant did not sufficiently corroborate the confidential informant's information; the

2

information did not provide probable cause to search Briscoe's apartment; and the information was stale. We disagree with all three arguments.

The only information before the magistrate court judge who issued the search warrant was the affidavit of the police detective who sought the warrant. The detective made the following assertions in the affidavit: The detective met with a confidential informant whose veracity was unknown to the detective. The informant told the detective that a black man who goes by the name of "Briscoe" and who has short dreadlocks was distributing cocaine from his white Ford Explorer. The informant gave the detective Briscoe's phone number, which the detective traced to defendant Derrick Briscoe at a particular address in Athens. At the detective's request, the informant arranged to purchase cocaine from Briscoe in a Publix parking lot.

The detective had another law enforcement officer conduct surveillance of Briscoe's apartment before the scheduled controlled buy. That officer told the detective that a black male with short dreadlocks entered the apartment about ten minutes before the controlled buy, exited the apartment, and got into a white Ford Explorer. The surveillance officer followed the white Ford Explorer to the Publix parking lot, where the detective was waiting and watching.

3

The detective saw the Explorer pull up. The detective saw that the driver was a black male with short dreadlocks. The informant purchased cocaine and identified the seller as Briscoe. The detective watched the entire transaction and monitored the conversation between Briscoe and the informant via a transmitter worn by the informant.

The magistrate court issued a search warrant based on the affidavit, and law enforcement officers executed the warrant.

(a) *The confidential informant's information was sufficiently corroborated*.

Briscoe argues that the detective who obtained the search warrant did not sufficiently corroborate the confidential informant's description of Briscoe's physical appearance. Specifically, Briscoe points to the fact that the detective stated in the search warrant affidavit that he had seen a black male with short dreadlocks in the Ford Explorer that drove up to the controlled buy. Yet at the motion to suppress hearing and at trial, the detective testified that he could not see whether the black male in the Ford Explorer had dreadlocks. In fact, Briscoe did not have dreadlocks. Briscoe argues that the detective's false statement means that the informant's information was not sufficiently corroborated and thus the warrant affidavit did not provide probable cause to issue the warrant.

4

"(I)n the case of false information included in the affidavit supporting a search warrant, or where material information is omitted, the rule is that the false statements be deleted, the omitted truthful material be included, and the affidavit be reexamined to determine whether probable cause exists to issue a warrant." *Middlebrooks v. State*, 277 Ga. App. 551, 553 (1) (a) (627 SE2d 154) (2006) (citation and punctuation omitted). Deleting the detective's false statement that he had seen a black male with short dreadlocks in the Ford Explorer, the affidavit nonetheless provided probable cause to issue the warrant because of the controlled buy. "Even if the informant had no known credibility, the controlled buy conducted under the observation of the officer, alone, would have been sufficient to establish probable cause." *Browner v. State*, 265 Ga. App. 788, 790 (1) (595 SE2d 610) (2004) (citation and punctuation omitted).

(b) *Nexus between information and the apartment.*

Briscoe argues that the trial court should have granted his motion to suppress because there was not a sufficient nexus between the information known to the detective and Briscoe's apartment.

> [I]n determining whether probable cause exists, the issuing judge is required simply to make a practical, common-sense decision whether,

5

given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that evidence of a crime will be found in a particular place.

*Manzione v. State*, 312 Ga. App. 638, 639-40 (719 SE2d 533) (2011) (citation and punctuation omitted). "An officer's inference that items sought will be at the place to be searched requires no more than a fair presumption to be reasonable." *Marlow v. State*, 288 Ga. 769, 770 (2) (707 SE2d 95) (2011) (citations and punctuation omitted).

The warrant affidavit showed that

the evidence of [Briscoe's] drug activity included [Briscoe's] actions of briefly going to his residence immediately before traveling to the location of the controlled buy. And, significantly, the evidence did not reflect that [Briscoe] made any additional stops or had contact with any other individual after leaving his residence and arriving at the controlled buy. Therefore, the evidence of [Briscoe's] actions and the circumstances presented authorized a finding that [Briscoe] may have stored the drug contraband at his residence and retrieved the drugs from that location before delivering them to the confidential informant at the controlled buy.

6

*State v. Alvin*, 296 Ga. App. 402, 404 (674 SE2d 348) (2009). The information in the affidavit enabled the magistrate judge to conclude that there was a fair probability that evidence would be found in Briscoe's apartment. Id.

(c) *Staleness.*

Finally, Briscoe argues that the trial court should have granted the motion to suppress because the controlled buy could not support the issuance of the warrant as it occurred as many as 11 days before. The search warrant affidavit stated that the informant knew that Briscoe was "distributing illegal drugs," which indicates an ongoing course of conduct. "When the affidavit indicates the existence of an ongoing scheme to sell drugs, the passage of time becomes less significant than would be the case with a single, isolated transaction." *State v. Luck*, 252 Ga. 347, 347 (312 SE2d 791) (1984). "Given the totality of the circumstances, including the fact that the activity alleged was the ongoing sale of drugs, there was sufficient evidence to create a reasonable belief that drugs might still be in [Briscoe]'s residence." *Copeland v. State*, 273 Ga. App. 850, 853 (1) (a) (616 SE2d 189) (2005) (information that source observed cocaine in defendant's residence ten days before issuance of warrant was not stale).

3. *Effective assistance of counsel.*

Briscoe claims that his counsel was ineffective in three respects: he failed to impeach the detective with the false statement about seeing the suspect with dreadlocks; he failed to comply with discovery deadlines which limited his ability to question witnesses; and he failed to call a particular witness, the officer who conducted surveillance of Briscoe's apartment just before the controlled buy.

"To prevail on these claims, [Briscoe] must show both that his counsel's performance was deficient and that the deficient performance so prejudiced him that, but for the deficiency, there is a reasonable probability that the outcome of the trial would have been different." *McAllister v. State*, 343 Ga. App. 213, 217 (3) (807 SE2d 14) (2017) (citations and punctuation omitted) "The test is whether there is a reasonable probability the jury would have reached a different verdict, absent the error of counsel." *Mann v. State*, 276 Ga. App. 720, 722 (624 SE2d 208) (2005) (citation and punctuation omitted). "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. [Briscoe] has failed to make the required showings." *McAllister v. State*, 343 Ga. App. at 217 (3) (citations and punctuation omitted).

(a) *Failure to impeach the detective.*

Briscoe argues that the attorneys who represented him at the motion to suppress hearing and at trial were ineffective because they did not impeach the detective with his search warrant affidavit. As described above, at the motion to suppress hearing and at trial, the detective testified that he could not see whether the black male in the Ford Explorer had dreadlocks but he stated in the search warrant affidavit that he had seen a black male with short dreadlocks.

The trial court found that even if the attorneys' performances were deficient in this regard, "the evidence of [Briscoe's] involvement in drug distribution was compelling — notably, his presence in the residence at the time of the execution of the warrant; his physical possession of drug contraband and his connection to large sums of cash, with additional cash present in the residence; and his spontaneous, unsolicited inculpatory statement to officers at the time the warrant was executed." The record supports this finding. Thus we agree with the trial court that, given this evidence, there is not "a reasonable probability the jury would have reached a different verdict, absent the [alleged] error of counsel." *Mann v. State*, 276 Ga. App. at 722 (citation omitted).

(b) *Failure to call the officer who watched Briscoe's apartment.*

Briscoe argues that counsel was ineffective for failing to locate, interview and call as a witness the law enforcement officer who conducted the surveillance of Briscoe's apartment. As noted above, in the search warrant affidavit the detective stated this officer told him the person he was watching had short dreadlocks. At trial, the detective testified that the officer did not mention that the person had short dreadlocks. Briscoe argues that counsel should have called the officer and questioned him about whether he did or did not see dreadlocks. Given the evidence of Briscoe's guilt, there is not "a reasonable probability the jury would have reached a different verdict, absent the [alleged] error of counsel." *Mann v. State*, 276 Ga. App. at 722 (citation omitted).

(c) *Failure to timely file witness list*.

Briscoe argues that counsel was ineffective in that he failed to timely file a witness list, so his witnesses, primarily Briscoe's sister, were not permitted to testify to substantive matters, particularly about Briscoe's roommate. The record demonstrates, however, that the untimeliness of the witness list was not the issue that prevented counsel from questioning Briscoe's sister.

Counsel testified that he did not file a witness list until the day before trial because he had been on a leave of absence and he did not expect the case to be called.

10

When, at trial, the state raised the issue of the timeliness of the list, see OCGA § 17-16-8 (a), the trial court did not rule that Briscoe's attorney could not call witnesses because the list was untimely. Instead, defense counsel stated that he did not intend it to be an issue because he would limit his questioning of his witnesses and would only ask Briscoe himself about his roommate.

Moreover, as the trial court found, the prosecutor's cross-examination of Briscoe's sister opened the door for defense counsel to question her on the issue of a roommate. Finally, at the motion for new trial hearing, defense counsel testified that the trial court gave him leeway with questioning witnesses in spite of any discovery issue, but he did not want "to abuse the graciousness that the court extended" by "having family members testify about other factual matters such as [the roommate]." Accordingly, the record demonstrates that any failure to timely file a witness list did not result in the trial court prohibiting any witnesses from testifying or trial counsel from asking any questions. And, as the trial court determined, any failure by trial counsel to question Briscoe's sister about his roommate was not prejudicial, given the overwhelming evidence of guilt. So Briscoe has not shown ineffective assistance of counsel for failure to timely file the witness list.

*Judgment affirmed. Branch and Bethel, JJ., concur*.

11